ORA B. FREECE ET AL. V. ELSIE PEARL TRUSKETT ET AL.

No. 6888.   Decided June 23, 1937.
Rehearing overruled July 21, 1937.
(106 S. W., 2d Series, 675.)

*Carl Gilliland* and *Jas. W. Witherspoon,* both of Hereford, for appellants.

The trial court erred in rendering judgment against plaintiffs in error and in favor of defendants in error, in that although the pleadings and undisputed evidence shows that plaintiffs in error own the land and have been wrongfully ejected therefrom by defendants in error, the only title acquired or claimed by defendants in error, or either of them, was acquired through the attempted sale of the substitute trustee, and although the law required the notice to be posted for twenty-one

days prior to the sale, said notice was posted only twenty days prior thereto, and was void. National Bank of Corpus Christi v. Morgan, 29 S. W. (2d) 923; Blanton v. Mayes, 58 Texas 422; Anderson v. Stockdale, 62 Texas 54.

*Works & Bassett,* of Amarillo, for appellees.

The evidence showing beyond question that, in making the sale of the land in controversy under the power of sale given by said deed of trust, all of the provisions and requirements of said deed of trust and of the law were complied with, including notice of said sale for the required length of time, the court did not err in holding the sale under said deed of trust valid and binding. Roe v. Davis, 106 Texas 573, 172 S. W. 708; Johnson v. Marti, 214 S. W. 726; Allen v. Farm & Home Savings & Loan Assn., 58 S. W. (2d) 866.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On May 16, 1922, T. B. Slaughter was owner of the land in controversy in this suit, and on that date executed a deed of trust thereon to secure appellee, Elsie Pearl Truskett, in the payment of certain indebtedness. This deed of trust contained the following provision with reference to giving notice of sale:

"By posting up three written or printed notices, at three public places in said Deaf Smith County, Texas, one of which shall be at the Court House door of said county, for a period of 20 days next preceding the day of sale."

Default having been made in payment of the indebtedness secured by said deed of trust, notices were posted for sale of the land under the power given therein. It is admitted that these notices were posted for only twenty days next preceding the day of sale, but that they were posted for such length of time is not contested. The sale was made by substitute trustee, regularly appointed, on December 2, 1924, and appellee Elsie Pearl Truskett became the purchaser.

T. B. Slaughter, the mortgagor, died June 1, 1923, leaving a will. By this will Slaughter devised all of his property to his son C. C. Slaughter and his daughter Ora B. Freece, jointly as trustees, to be held and disposed of according to other terms of the will. These trustees were given power to make improvements and repairs on the real estate, to extend and renew indebtedness, and for that purpose to execute all necessary instruments, to borrow money, to execute and deliver mortgages and deeds

of trust, and to sell and convey, or barter and exchange, any and all of the property, real and personal. It was expressly provided, however, that said trustees should act jointly in all matters, and no power granted by the will should be executed by one of the trustees alone. Provision was made for appointment of substitute trustees, but in case of substitutes the trustees should act jointly. Said will contained the following further provisions:

"After all of my debts have been paid, or after the same has been released or relinquished, or my estate given an acquitance therefor, then it is my will that all of the property then belonging to my said estate pass to and vest in my son, C. C. Slaughter, and my daughter, Ora B. Freece, share and share alike; unless at such time my sister, Ellen E. Bishop, be then living and the value of my estate at that time shall exceed Ten Thousand Dollars, then it is my will that my said sister be paid the sum of one thousand dollars in case said value of said estate at the said time shall exceed the said sum of Ten Thousand Dollars, in an amount equal to One Thousand Dollars, and if not then she shall be paid such amount as my said estate shall exceed in value the sum of Ten Thousand Dollars.

"On the termination of said trust I authorize my said trustee, or substitute trustees, to divide the property then belonging to my said estate, among the respective legatees under this will according to their distributing shares, provided for herein, and in case lands are given to said legatees or either of them, as their share of or part of share in said distribution, then I authorize my said trustees or substitute trustees, to, acting in such capacity, convey such lands, by sufficient deed or deeds of conveyance to such legatee or legatees.

"I, hereby, name and appoint my said son, C. C. Slaughter and my said daughter, Ora B. Freece, as joint executors of my estate and will, and direct that no bond or other security be required of them, and that no proceedings be had on my said estate and will in any probate court, other than probating and recording this will and causing an inventory and appraisement of my estate to be made and returned into court."

This will was duly probated and C. C. Slaughter qualified as executor thereunder by taking the oath required by law, but executed no bond. The certificate recites that Slaughter qualified and proceeded to administer said estate under the terms of the will, but that Ora B. Freece refused to do so, and Slaughter acted alone. He had qualified and was acting when the aforesaid trustee's sale was made. No action was ever taken in the probate court other than that provided for in the will.

On June 28, 1928, C. C. Slaughter died intestate. All debts of the estate of T. B. Slaughter had been fully paid, except the indebtedness held by Elsie Pearl Truskett, and apparently she had not made any effort to collect same after the foreclosure of the deed of trust. This suit was instituted by Ora B. Freece and the heirs of C. C. Slaughter as the owners of the land under the provisions of the will. Elsie Pearl Truskett and others were made defendants. The suit was in the nature of trespass to try title. There were allegations by which plaintiffs sought to set aside the deed of trust and the trustee's deed as a cloud upon their title. This part of the cause of action was dismissed, leaving the suit one of trespass to try title; the contention of plaintiffs being that the trustee's sale was void, that no title passed to Elsie Pearl Truskett as purchaser, and that as her indebtedness was barred by limitation, the prior lien of the deed of trust could not be exercised.

The Court of Civil Appeals has certified to this Court two questions as follows:

"1. Was the said trustee's sale void because notice of same was not posted for three full weeks?
"2. Was same void because made during the pendency of an administration upon the estate of the deceased grantor in said trust deed, under the facts set out above?"

■ We answer the first question in the negative. By Article 3759 of the Revised Statutes of 1911 it was provided that notice of sale of real estate under a power conferred by any deed of trust should be given "as now required in judicial sales." In the case of Roe v. Davis, 106 Texas 537, 172 S. W. 708, it was held that by the use of the word "now" was meant the law in force when Article 3759 was enacted in 1889. As the result of this decision the Legislature on June 3, 1915, amended Article 3759 and provided as follows:

"Notice of such proposed sale shall be given by posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said county or counties, one of which shall be at the court house door of the county in which such sale is to be made, and if such real estate be in more than one county, one at the court house door of each county in which said real estate is situated, or such notice may be given as required by statute in case of judicial sale, or such notice may be given in either of said methods, *or as may be provided for in said deed of trust or contract lien.*" (Emphasis ours.)

The emergency clause of the act thus amending this statute was as follows:

"The fact that the statutes governing sales of real estate under deeds of trust have, by decisions of this State, been construed to refer back and be governed by the law governing judicial sales that existed in 1889, creates a great deal of confusion and causes much litigation as to the method to pursue in making sales under deeds of trust; and the fact that it is costing the people of this State much time, money and litigation, creates an emergency and an imperative public necessity, making necessary the suspension of the constitutional rule requiring that all bills be read on three several days in each House, and said rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

This statute was in effect when the deed of trust in question was executed on May 16, 1922, and at the time of the sale in question. The Act of 1915 was clearly remedial, and was manifestly intended to make a sale valid when based upon notice as provided for in the deed of trust itself.

■ We also answer the second question in the negative. It is not contended that there was ever any probate proceeding upon the estate of T. B. Slaughter, and the four years allowed for such a proceeding had long since lapsed when this suit was instituted. It is further shown that prior to the death of C. C. Slaughter on June 28, 1928, all debts against the estate of T. B. Slaughter, except the one held by Elsie Pearl Truskett, had been paid and no necessity for an administration existed. Without discussing the nature or effect of the administration which was actually had upon the estate of T. B. Slaughter (and which appears to have been fully acquiesced in), it is sufficient to say that it was an "independent" one. It appears therefore that under two well settled propositions the trustee's sale was valid. In the case of Wiener v. Zweib, 105 Texas 262, 141 S. W. 771, 147 S. W. 867, it was held that when there was no administration on an estate of the mortgagor, after the lapse of four years, the time within which an administration could be sued out, a sale under a deed of trust after the death of the mortgagor and before the lapse of four years, was valid. Among other things the Court said:

"In the case at bar, where the sale under the deed of trust was made after the death of the grantor and before the expiration of four years within which time an administration might have been sued out, but where no administration was in fact ever sued out, the Court of Civil Appeals [128 S. W. 699] held

that the trustee deed, like the power of sale, was held in abeyance until the expiration of the four years from the date of the grantor's death, but upon the lapse of such period became effective and passed the title to the purchaser at such sale. We think that court was right in its solution of that question, with this addition and modification. The trustee's deed made after the death of the constituent and before the lapse of the time within which an administration might have been sued out on the estate of the grantor, was valid and effective and passed the title to the land conveyed, subject only to be set aside by an administration for the payment of such preferred claims as might have existed under the law at the time and as such deed might have interfered with the orderly administration of said estate. Such deed made under the circumstances of this case was neither invalid nor in a state of suspense, except insofar as it might have interfered with the due execution of an administration of the estate of the deceased grantor in said deed of trust, but to the contrary said deed was valid and effective and upon its execution passed the title to the purchaser of said land at said sale against the heirs of the deceased and all other persons with the bare exception above stated."

■ The other proposition upon which the sale may be sustained is disclosed by the following quotation in the recent case of Fischer v. Britton, 125 Texas 505, 83 S. W. (2d) 305:

"The law is settled that a trustee under a deed of trust can exercise the power of sale after the death of the grantor when the grantor's estate is being handled under an independent executor as provided and directed in the will. Taylor v. Williams, 101 Texas 388, 108 S. W. 815. In that case the assignee of the mortgaged property had died. The question presented was whether an independent administration was such an administration as would, by force of the probate law, extinguish or supersede the power of the trustee in the deed of trust to sell. The Court, speaking through Judge WILLIAMS, held that the death of the assignee of the grantor, *who was treated as the grantor*, did not revoke the power to sell, and that administration by an independent executor was not the kind of administration which would suspend the trustee's power." (Emphasis by Court.)

We therefore answer that the sale in question was not void in light of the facts set forth in the certificate.

Opinion adopted by the Supreme Court June 23, 1937.

Rehearing overruled July 21, 1937.