**DUNBAR v. DUNBAR.**

No. 12167.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 20, 1950.

Rehearing Denied Nov. 1, 1950.

Ronald Smallwood, J. Douglas McGuire, San Antonio, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

POPE, Justice.

This is an appeal from a judgment of the trial court refusing to set aside a prior divorce decree on appellant's petition in the nature of a bill of review.

On September 29, 1949, Curtis Dunbar filed a divorce suit against his wife, Billie Dunbar. Two days later, she answered his petition but sought no affirmative relief. On November 9, 1949, after the court had heard evidence in the suit but before the trial judge had ruled, Curtis Dunbar filed a motion for nonsuit. The court took no action on the motion and counsel for both parties left the court room. The following day all parties with their attorneys returned to the court, at which time Curtis Dunbar orally moved that his motion for nonsuit be withdrawn. Mrs. Dunbar in open court with her attorney made no objection, and in fact agreed to this procedure. Mrs. Dunbar then filed an amended pleading and cross-action praying for a divorce, for child custody, and for division of the community property. On the same day the court proceeded on the cross-action and granted Mrs Dunbar a divorce, awarded custody of their minor child to her for nine months out of each year, and approved a property settlement agreement.

On December 12, 1949, Mrs. Dunbar filed the instant cause in the nature of a bill of review to vacate and set aside her divorce decree. She urged, as the basis for her bill, the proposition that the making and presentation of the motion for nonsuit in law terminated the prior divorce suit, leaving no basis for a judgment on the cross-action. She also urged that the cross-petition contained no allegation as to residence requirements and had not been on file for thirty days, as required by Articles 4631 and 4632, Vernon's Ann.Civ.Stats. She made no allegations of fraud, accident or mistake in the procurement of the prior divorce judgment.

The trial court, upon an agreed statement of facts, denied Mrs. Dunbar the relief and refused to set aside its prior decree. We believe this is the correct judgment and that the decision of the trial court should be affirmed.

Mrs. Dunbar, appellant, in the course of presenting her cross-action for divorce, did more than merely waive an objection to withdrawal of the motion for nonsuit; she agreed to the withdrawal, after voluntarily returning to the court. She then participated in and sanctioned the proceedings which enabled her to obtain the relief sought by her own pleadings and prayer. Having procured a judgment in which she was the actor, and having invoked the jurisdiction of the court over subject-matter

and persons within the court's general powers, she will not be heard now to complain. Spence v. State Nat. Bank of El Paso, Tex.Com.App., 5 S.W.2d 754; J. Weingarten, Inc. v. Sanchez, Tex.Civ.App., 228 S.W.2d 303; Eldridge v. Eldridge, Tex. Civ.App., 259 S.W. 209; Werner v. Kasten, Tex.Civ.App., 26 S.W. 322.

When the judgment was rendered by the trial court, it had before it not only the cross-action, but also the plaintiff's petition which had been filed in September. A dismissed suit after reinstatement stands upon the docket as if it had never been dismissed. Mitchell v. Mitchell, 84 Tex. 303, 19 S.W. 477; 27 C.J.S., Dismissal and Nonsuit, § 85, p. 274. Prior to 1933 some confusion existed in the decisions of the Courts of Civil Appeals concerning the applicability to cross-plaintiffs of the residence requirements set out in Article 4631. The Supreme Court in Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, settled this question in holding that these requirements were met if the plaintiff possessed the residence qualifications even though plaintiff's petition were dismissed and the cross-plaintiff was not a resident as required for plaintiff. Article 4632 relating to the thirty-day period that the petition must be on file, by similar reasoning, has been held to apply only to the plaintiff's original suit and not the cross-action. Graham v. Seale, Tex.Civ.App., 221 S.W.2d 353; Eldridge v. Eldridge, supra.

The judgment of the trial court is affirmed.

W. O. MURRAY, C. J., and NORVELL, J., concur.