**Pat STOKES et al., Appellants,**

v.

**Tom W. PEARCE, Appellee.**

No. 3196.

Court of Civil Appeals of Texas.

Eastland.

Dec. 9, 1955.

Rehearing Denied Jan. 6, 1956.

Archer & Overshiner, Abilene, for appellants.

Byrd & Shaw, Abilene, for appellee.

LONG, Justice.

This suit was instituted by the heirs at law of Matt Stokes, deceased, and James E. Jeffrey, the administrator of his estate, against Tom W. Pearce, to set aside a sale made under a deed of trust on the ground it was void because subsequent to such sale, but within the four-year limitation period, an administration was taken out on the estate of Matt Stokes. Defendant filed a cross action in which he sought judgment against plaintiffs for the difference between what the property brought at such sale and the amount of the debt; for the rental value of the property and for taxes paid thereon by defendant. Upon a trial before the court without a jury, judgment was entered that plaintiffs take nothing and in favor of defendant on his cross action for the difference between the amount the property brought at the trustee's sale and the total amount of the principal, interest and attorney's fees due on the note executed by Matt Stokes and wife in favor of defendant. The court further rendered judgment for defendant against plaintiffs for the

rental value of the property and for the taxes paid thereon by defendant. From this judgment plaintiffs have appealed.

The case was tried on the following stipulations:

"On January 12, 1951, Tom W. Pearce and wife conveyed to Matt Stokes and wife, Mary R. Stokes, the following described property located in Taylor County, Texas, to wit:

"Lots numbers 1, 2 and 3 in Block number 5 of D. Gildmacher's division of Lot number 2 in Block number 200, City of Abilene, Taylor County, Texas for the price of $9,000.00. A vendor's lien was retained against the property to secure the purchase price.

"2.

"That a series of eleven (11) notes were executed by Matt Stokes and wife, Mary R. Stokes, payable to the order of Tom W. Pearce. The first in the amount of $400.00 being due and payable on or before January 1, 1952, and the second in the amount of $700.00 being due and payable on or before January 1, 1952, and notes numbered three through eleven inclusive, each being in the amount of $700.00, being due and payable on or before January 1 of each succeeding year thereafter until fully paid, said notes bearing interest at the rate of 6% per annum from the date thereof, interest being due and payable on or before January 1, 1952 and annually thereafter with all past-due interest and principal bearing interest at the rate of 8% per annum.

"3.

"That on January 1, 1954, note number four in the amount of $700.00 became due and payable, together with interest on the other notes in said series in the amount of $378.00. These payments were not made and thereafter, on April 6, 1954, after duly posting notices and having a sale under the power of sale under the Deed of Trust execut-

ed to better secure the indebtedness in the original amount of $7,400.00, W. Lee Byrd, substitute trustee, sold the property in question for the sum of $5,600.00 to Tom W. Pearce.

"4.

"That at the time of the Deed of Trust sale the sum of $6,628.14 was due on the notes secured by the vendor's lien and Deed of Trust heretofore described, said sum including past-due principal, interest, and attorneys' fees.

"5.

"That on the 13th day of May, 1952, Matt Stokes died, leaving no will, but left all of the plaintiffs herein, except James E. Jeffrey, Jose Rayes, Antonio Sanchez, and Felipe Nieto, as his only heirs at law.

"6.

"That on the 7th day of October, 1954, Matt Stokes, Jr. was duly appointed administrator of the estate of Matt Stokes, deceased, and that on the 31st day of December, 1954, the county court of Taylor County, Texas removed Matt Stokes, Jr., as administrator of the estate of Matt Stokes, deceased, and on the 17th day of January, 1955, plaintiff James E. Jeffrey was duly qualified as administrator of the estate of Matt Stokes, deceased. It is further stipulated that all statutory requirements have been complied with, with respect to the appointment and qualification of the administrators hereinabove mentioned, and that no questions are raised as to the legality of the proceedings in the probate court concerning the estate in question.

"7.

"It is further stipulated that the administrator, James E. Jeffrey, is of the opinion that the property described in this instrument is of considerable value, in excess of the amount of all of the indebtedness against it and that he de-

sires to have the property, which is the subject of this law suit, included in the administration of the estate of Matt Stokes, deceased, and to pay off the Pearce debt against the estate of Matt Stokes, deceased, and other debts not related to this cause.

"8.

"That the administration was taken out within the four-year limitation period from the death of the deceased, Matt Stokes.

"9.

"The administrator, James E. Jeffrey, one of the plaintiffs herein, desires to set aside the Deed of Trust heretofore executed by Matt Stokes and wife, Mary R. Stokes, on the 12th day of January, 1951, and have said claim of defendant herein, Tom W. Pearce, satisfied through the probate court.

"10.

"That the conveyance to Matt Stokes and wife, Mary R. Stokes, described in Paragraph 1 hereof, conveying the property described in said Paragraph 1, was made jointly to Matt Stokes and wife, Mary R. Stokes, and the property immediately became the community property of the said Matt Stokes and wife, Mary R. Stokes; and, further, said property was not the homestead of the said Matt Stokes and wife, Mary R. Stokes or either of them, and was never used as their homestead.

"11.

"Plaintiffs waive the allegations contained in Paragraph 5 of Plaintiffs' First Amended Petition on file in the above entitled and numbered cause, and hereby stipulate that the deed, deed of trust and note described herein were properly executed and posted, and that the sale thereunder was held in accordance with the requirements of said deed of trust and was proper and regular in every way.

"12.

"That the Plaintiffs herein have collected rents on the above described property since April 6, 1954, in an average amount of $30.00 per week continuously thereafter, and that the Defendant herein is entitled to recover such rents in the event he prevails in this suit.

"13.

"That the Defendant has paid taxes in the total sum of $373.10 being the 1952 and 1953 State, County, City and School taxes, including penalty and interest, assessed against the above described property, which said taxes were due and payable by plaintiffs herein.

"14.

"That the Plaintiffs herein have remained in possession of the property described in Paragraph 1 hereof continuously since April 6, 1954, the date of the above described Substitute Trustee's sale.

"15.

"That, as aforesaid, the Substitute Trustee's Sale, of the above described property was had on April 6, 1954, and the subject property was conveyed to Tom W. Pearce, Defendant herein, on the same date, and the Substitute Trustee's deed conveying such property to said Defendant was duly recorded on said date and is now shown of record in Volume 480, page 343 of the Deed Records of Taylor County, Texas; that the above entitled and numbered cause was filed on the same date, to-wit: April 6, 1954; that the application for probate on the estate of Matt Stokes was not filed until September, 1954, five months after this suit was filed."

In addition to the stipulation the court heard evidence on the value of the property involved. The court found such value to be $7,000.

It is the contention of appellants that the trial court erred in upholding the

sale under the deed of trust which was made after the death of Matt Stokes and within the four-year period of limitation for an administration on his estate to be taken out in view of the fact that an administration was taken out within said period. We agree with this contention. The power given the trustee to sell under a deed of trust is coupled with an interest and is not revoked by the death of the grantor. Such power may be enforced after the death of the mortgagor when the time for administration has elapsed and none had been opened. Taylor v. Williams, 101 Tex. 388, 108 S.W. 815.

It is the settled law of this State that a sale made under the power given in a deed of trust after the death of the grantor is valid if it does not interfere with the due administration of the estate of the grantor but if the sale thereunder does interfere with such administration it is voidable and may be set aside. Wiener v. Zwieb, 105 Tex. 262, 141 S.W. 771; Freece v. Truskett, 130 Tex. 90, 106 S.W.2d 675; Natali v. Witthaus, 134 Tex. 513, 135 S.W.2d 969.

The question here presented is did the sale of the property by the trustee, made after the death of Matt Stokes, interfere with the orderly administration of his estate. We believe that it did. The sale was made shortly after his death. Within a few months thereafter, and within the time permitted by law, administration was taken out on his estate. The property did not sell for its true value. There were other debts due by the estate which remain unpaid. The appellee, who was the beneficiary under the deed of trust, not only obtained the property at less than its true value but also secured a deficiency judgment against the heirs of Matt Stokes and his administrator for the balance due on the indebtedness. We take judicial notice that it is probable that the property would have brought more at a private sale by the administrator than it brought at a forced sale under the deed of trust. We believe that, under the circumstances, the sale under the deed of trust interfered with the due administration of the estate of Matt Stokes and should, therefore, be set aside. Robertson's Adm'x

v. Paul, 16 Tex. 472; Cole v. Franklin Life Ins. Co., 5 Cir., 93 F.2d 620.

The judgment of the trial court is reversed and judgment is here rendered setting aside and holding for naught the sale of the property made by the trustee under the power given him in the deed of trust and judgment is further rendered that the appellee take nothing by reason of his cross action.

Reversed and rendered.