Robert W. DePUY et al., Appellants,

v.

William W. BODINE, Appellee.

No. 15284.

Court of Civil Appeals of Texas, San Antonio.

April 10, 1974.

Rehearing Denied May 15, 1974.

R. Knox Jones, McAllen, for appellants.

Perkins, Davis, Oden & Warburton, L. H. Warburton, Jr., Alice, for appellee.

BARROW, Chief Justice.

Appellants, Robert W. DePuy, Delia DePuy and Clinton Manges, have perfected this appeal from a take-nothing summary judgment rendered for appellee in appellants' suit for rescission of the sale of a ranch in Duval County, because of the alleged fraudulent misrepresentation by appellee as to the zoning status of a small tract in the city of Corpus Christi, which was conveyed to appellants as part of the consideration for the sale.

The summary judgment was heard after full discovery was had, and there are nine

oral depositions in the record, as well as numerous exhibits. Some facts are undisputed. On March 14, 1970, appellants sold to appellee a 9,271.84 acre ranch for a total consideration of $704,500.00, which was satisfied as follows: appellee assumed notes totaling $500,000.00, paid $157,481.77 in cash, and conveyed a 10 acre tract as well as a connecting 0.45 acre tract in Nueces County for an agreed valuation of $50,725.00. On May 1, 1970, appellants sold the 10 acre tract in Nueces County for the sum of $51,285.00. Appellants still own the 0.45 acre tract, and the controversy grows out of the zoning status of this tract.

Appellants alleged that appellee represented that this tract was zoned "commercial," whereas its use is limited to one-family residential under the zoning ordinance of Corpus Christi. Such representation is largely based on an engineer's plat of the Nueces County property furnished appellants by appellee which is identified as "Proposed Inwood Village Unit–4," and on which the 10 acre tract is subdivided into 55 lots and the 0.45 acre tract is marked "commercial." Although the issue is vigorously controverted by appellee, we must accept as true on this summary judgment appeal, the testimony of DePuy that appellee represented to appellants that this tract was zoned for commercial use.

The only relief sought by appellants is rescission, and this relief was denied by the trial court on several grounds which are now relied upon by appellee in support of the take-nothing judgment. It is urged that rescission will not lie in that appellants cannot restore the status quo since they have sold the 10 acre tract. Furthermore, it is asserted that this sale was made after appellants had actual or constructive notice of the zoning status of the small tract; and, therefore, appellants ratified the sale of the Duval County Ranch. Appellee further points out that appellants have not made any effort to restore the status quo and, in fact, cannot do so since substantial judgment liens have been placed of record against appellant, DePuy. No tender whatsoever was made, but appellants do have a general allegation that they "are willing to do equity." Cf. City of New Braunfels v. City of San Antonio, 212 S.W.2d 817 (Tex.Civ.App.—Austin 1948, writ ref'd n. r. e.).

The trial court did not err in entering a take-nothing judgment in this suit for rescission. Clearly, the status quo can not be restored because of the sale of part of the land and the filing of substantial judgment liens against appellant, DePuy. The general equitable rule is that a plaintiff in a suit for rescission or cancellation of a contract or deed to which he is a party must ordinarily restore the consideration received by him or, in other words, re-establish the status quo of the other party. Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83 (1955); McDonald v. Simons, 280 S.W. 571 (Tex. Commn.App.1926, opinion adopted); Guion v. Guion, 475 S.W.2d 865 (Tex.Civ.App.— Dallas 1971, writ ref'd n. r. e.); Whitfield v. Klein Independent School District, 463 S.W.2d 232 (Tex.Civ.App.—Houston [14th] 1971, writ ref'd n. r. e.); 10 Tex.Jur.2d, Cancellation of Instruments, Section 45 (1959). Appellants do not rely on any exceptions to this general rule.

Such equitable rule has particular application here in that the record demonstrates that the 10 acre tract was conveyed by appellants on May 1, 1970, which was nearly a month after their lawyer was advised that the 0.45 acre tract in question was zoned for residential use. By accepting the benefits of said contract after notice of the alleged fraud, appellants affirmed the contract and waived their right of rescission. Rosenbaum v. Texas Building & Mortgage Company, 140 Tex. 325, 167 S.W.2d 506 (1943); Gaston v. Copeland, 335 S.W.2d 406 (Tex.Civ.App.— Amarillo 1960, writ ref'd n. r. e.); Woods v. Fisher, 106 S.W.2d 774 (Tex.Civ.App.— Texarkana 1937, no writ); 13 Tex.Jur.2d, Contracts, Section 265 (1960).

The sole relief sought here by appellants is the equitable remedy of rescission. The trial court did not err in concluding from the undisputed summary judgment evidence that appellants are not entitled to such relief. The court, therefore, properly entered a take-nothing judgment.

The judgment is affirmed.