Gilda S. BOZEMAN, Administratrix of the Estate of Gilbert Sepulveda, Deceased, et al., Appellants,

v.

Jack FOLLIOTT, Appellee.

No. 1187.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1977.

Rehearing Denied Oct. 20, 1977.

J. L. Covington, Covington & Morrow, Benjamin S. Hardy, Hardy, Sharpe & Rodriguez, Brownsville, for appellants.

Orrin W. Johnson, Johnson & Davis, Harlingen, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment which sustained defendant's plea in abatement to the action filed by the plaintiffs. Involved is a suit to cancel a trustee's deed to a 36.12 acre tract of land in Cameron County, Texas. The plaintiffs were: Gilda S. Bozeman, administratrix of the Estate of Gilbert Sepulveda, Deceased, Raquel Sepulveda Aldama and Felix Sepulveda. Jack Folliott was defendant.

Suit was filed in the District Court of Cameron County, Texas, on April 23, 1974, and was docketed as Cause No. 58672–A. Plaintiffs alleged: 1) Gilbert Sepulveda, at the time of his death on April 20, 1972, was the owner of the land in question; 2) Gilda S. Bozeman is the administratrix of the Estate of Gilbert Sepulveda, Deceased; 3) Raquel Sepulveda Aldama and Felix Sepulveda "own an undivided interest in the land"; and 4) the 36.12 acre tract was sold to Jack Folliott, defendant, on June 5, 1973, at a trustee's sale "under a certain deed of trust." The only ground alleged for cancellation of the trustee's deed reads:

"A Trustee's sale of property owned by a decedent made within four year (sic) of the death of the decedent is, under the law, voidable at the election of the Administrator of the decedent's estate. Plaintiff, as Administratix (sic) of the Estate of Gilbert Sepulveda, Deceased, is entitled to have the aforesaid Trustee's sale to Defendant set aside and nullified, and this action is brought by Plaintiff to so set aside and nullify said Trustee's sale and to have the Trustee's Deed to Defendant cancelled."

Among other defensive pleadings urged to plaintiffs' petition was a plea in abatement, which was filed by Folliott on April 25, 1974. He alleged that the cause should be abated and the action dismissed for the reasons:

(1) Gilda S. Bozeman was not authorized to act as administratrix of the Estate of Gilbert Sepulveda, Deceased, on April 25, 1974, and the only person who was then authorized to act on behalf of the Sepulveda Estate was Gloria Sepulveda, the executrix thereof, who was not a party to the suit filed by plaintiffs;

(2) neither Raquel Sepulveda Aldama nor Felix Sepulveda have any standing to attack the trustee's sale and deed on the ground set forth in plaintiffs' petition, because their undivided interest in the land was not subject to administration under the Estate of Gilbert Sepulveda, Deceased;

(3) plaintiffs have not tendered to defendant (or into court) any monies expended by him (Folliott) in discharging the debts owed by Gilbert Sepulveda, Deceased, "and without doing equity," the action asserted by plaintiffs should be abated and the suit dismissed.

The plea in abatement was first heard by the trial court on May 1, 1974. After hearing evidence, the plea was sustained on the ground that the trial court did not have jurisdiction. The cause was dismissed with prejudice. On appeal, this Court reversed the judgment of the trial court and remanded the cause with instructions to the trial court to reinstate the case on its docket and to rule on the merits of Folliott's plea in abatement. *Folliott v. Bozeman*, 526 S.W.2d 577 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). After such reinstatement of the case on the docket of the trial court, following the reversal and remand by this Court, the matter of Folliott's plea in abatement stood on the docket exactly where it was when the parties, having introduced evidence thereon, rested on May 1, 1974. See *Mitchell v. Mitchell*, 84

Tex. 303, 19 S.W. 477 (1892); *Dunbar v. Dunbar*, 233 S.W.2d 358 (Tex.Civ.App.—San Antonio 1950, mand. overruled). Nothing remained for the trial judge to do but to render judgment on the merits of the plea in abatement. The trial judge, following the instruction of this Court, ruled on the merits of the plea in abatement on the basis of the evidence that had been adduced at the hearing on May 1, 1974. The present appeal is from this later ruling. Folliott again presented the plea to the trial court on September 9, 1976, when the trial court took it under submission.

Thereafter, on October 6, 1976, Gilda S. Bozeman, as "administratrix of the Estate of Gilbert Sepulveda, Deceased," and Raquel Sepulveda Aldama and Felix Sepulveda, filed separate "First Amended Petitions," which named Folliott and others as defendants. In those petitions, the ground set out in the original petition was abandoned; in the amended petitions, Gilda S. Bozeman as the personal representative of the Sepulveda Estate, pled seven (7) independent grounds in support of her contention that the trustee's sale was void, and the other plaintiffs, in their individual capacities, assert five (5) independent grounds as to why the trustee's sale should be set aside.

The trial court, by judgment which was signed on November 5, 1976, in addition to stating that any claims for relief of the plaintiffs not contained in their original petition and not presented until "after the Court took Defendant's pleas and motions under submission on September 9, 1976, should be severed and set aside for a separate trial," decreed:

"1.

It is ORDERED that the pleas in abatement and motions to dismiss of the Defendant, Jack Folliott, be, and the same are hereby sustained; and the claims for relief of the Plaintiffs, Gilda S. Bozeman, Administratrix of the Estate of Gilbert Sepulveda, Deceased, Raquel Sepulveda Aldama and Felix Sepulveda, for cancellation of the Trustee's Deed and sale of June 5, 1973, as described in Plain-

tiffs' Original Petition, be, and the same are hereby dismissed and denied."

\*   \*   \*   \*   \*   \*

"3.

It is ORDERED that any claims for relief of the Plaintiffs (other than those made in their Original Petition herein abated and dismissed) are severed and set aside for separate trial as their separate causes of action, to be numbered 76–1963C on the docket of this Court."

Plaintiffs have duly and timely perfected an appeal from a portion of that judgment. They contend in a single point of error: "The District Court erred in granting the plea in abatement and dismissing Appellants' claims to set aside the trustee's sale and cancel the trustee's deed, since Appellants were not required to make restitution to Folliott and, even if they were, Appellants made sufficient offer to tender in their amended pleadings."

We limit our consideration of the appeal to the one point presented by plaintiffs. Therefore, we are not here concerned with the claims asserted by plaintiffs in their amended petitions, including the claim that they "made sufficient offer to tender (to Folliott) in their amended pleadings." Plaintiffs do not attack the judgment which severed the claims made by them in the amended petitions from the claim asserted by them in their original petition. We express no opinion with respect to those claims, or whether they, or any of them, are subject to a plea in abatement. The judgment which has been appealed speaks only to "the claims for relief" asserted by plaintiffs in their "Original Petition" for "cancellation of the Trustee's Deed and sale of June 5, 1973." We consider only that portion of the judgment which is attacked by plaintiffs' single point of error.

When the plea in abatement was again presented on September 9, 1976, no one sought to introduce any additional evidence with respect to the matters raised by the plea. We summarize the evidence adduced at the hearing on May 1, 1974 insofar as it bears on plaintiffs' point of error here presented.

The land in question was conveyed by H. H. Whipple to Gilbert Sepulveda by deed dated March 29, 1966, wherein the grantor reserved a vendor's lien to secure the payment of a certain promissory note of even date therewith in the amount of $20,000.00, which was executed by the grantee as part of the purchase price for the land. The note was additionally secured by a deed of trust. Thereafter, Gilbert Sepulveda, by deeds dated October 27, 1966, conveyed an undivided one-fourth interest in the land to Raquel Sepulveda Aldama, his sister, and an undivided one-fourth interest therein to Felix Sepulveda, his brother. The deeds were made subject to the liens securing the note to Whipple, and each of the grantees assumed and agreed to pay one-fourth of said note. On April 26, 1967, Gilbert Sepulveda, Raquel Sepulveda Aldama and Felix Sepulveda executed a deed of trust to the National Bank of Commerce of Brownsville, Texas, to secure the payment of a certain note to the Bank in the amount of $7,543.70.

Gilbert Sepulveda died testate on April 20, 1972. Both the vendor's lien note to Whipple and the deed of trust note to the Bank were in default on the day of his death. His widow, Gloria Sepulveda, who was named independent executrix in the will, filed the will for probate on September 14, 1972, and sought to be appointed independent executrix thereof. The will was not admitted to probate until December 30, 1973. Gloria Sepulveda qualified as executrix of the estate on the same day. No reason was given for the long delay between the date application was made to probate the will and for letters testamentary, and the date it was admitted to probate, when Gloria Sepulveda qualified as executrix of the estate.

In the meantime, each of the trustees under the above-mentioned deeds of trust, pursuant to a request from each of the respective payees of the notes, above-mentioned, posted notice of foreclosure of the outstanding liens on May 14, 1973. The land was sold by the trustee for the Bank, the owner of the second lien, on June 5, 1973 to Folliott for $16,500.00 cash. The trustee for Whipple, the owner of the first lien, did not conduct a trustee's sale on June 5, 1973. Folliott, at, or just prior to the sale made by the trustee for the Bank, purchased the note and lien held and owned by Whipple for approximately $13,000.00.

Prior to the institution of the instant suit, Gloria Sepulveda, acting individually, on June 8, 1973, instituted suit against Folliott to set aside the aforesaid trustee's sale; that suit was docketed as Cause No. 56990–A. On August 29, 1973, an amended petition was filed in Cause No. 56990–A wherein it was alleged that Gloria Sepulveda, acting individually and as executrix of the Estate of Gilbert Sepulveda, Deceased, joined by Raquel Sepulveda Aldama and Felix Sepulveda, as plaintiffs, sought to set the trustee's sale aside. The plaintiffs in Cause No. 56990–A took a nonsuit against Folliott on April 22, 1974. Gloria Sepulveda had not been appointed executrix of the Sepulveda Estate on August 29, 1973, when the amended petition was filed; she was, however, the executrix of the estate on April 22, 1974, when the nonsuit was taken.

There was considerable activity in the County Court of Cameron County, sitting in probate, on April 23, 1974 with respect to the Estate of Gilbert Sepulveda, Deceased. On that date:

(1) Gloria Sepulveda filed an application to resign as executrix of the estate, which was accepted by the court, subject to the subsequent filing of a full accounting;

(2) Gilda S. Bozeman, a daughter of Gilbert Sepulveda, made application to be appointed administratrix with will annexed of the Estate of Gilbert Sepulveda, Deceased;

(3) the court appointed Gilda S. Bozeman as administratrix with will annexed and set bond at $1,500.00, which was posted and approved by the court;

(4) Gilda S. Bozeman took the oath required of such an administratrix.

The next day, April 24, 1974:

(1) the probate court vacated the above-mentioned orders of April 23, 1974;

(2) the court further ordered that "no action shall be taken upon either of said Applications filed herein on April 23, 1974, until due notice and hearing is held upon the same."

Plaintiffs, in their original petition, did not offer to tender any money to Folliott. They admit in their brief that neither they nor Gloria Sepulveda have ever tendered "to Folliott monies equivalent to the monies expended by him to purchase the tract at the trustee's sale or to pay the amount of the first-lien indebtedness to Whipple."

Detailed findings of fact and conclusions of law were filed by the trial court. None of the findings have been attacked by plaintiffs. The court concluded that plaintiffs were required "to tender restitution" to Folliott before proceeding with an action to cancel the trustee's deed; and "having failed to do so, further action by them is barred." That conclusion is challenged by plaintiffs. However, the further conclusion that Raquel Sepulveda Aldama and Felix Sepulveda did not have standing to attack the trustee's sale has not been questioned by a point of error.

■ Where a person dies testate, administration of his estate is opened when a will, which appoints an executor who is qualified to act independently of the probate court, is admitted to probate. *Cocke v. Smith*, 142 Tex. 396, 179 S.W.2d 954 (1944). Where there is an intestacy, administration on the decedent's estate is opened when the probate judge signs an order which grants administration and appoints an administrator, and the administrator files the required bond and makes and files the oath. *Stokes v. Pearce*, 285 S.W.2d 475 (Tex.Civ.App.—Eastland 1955), affirmed in *Pearce v. Stokes*, 155 Tex. 564, 291 S.W.2d 309 (1956).

■ Where the deceased mortgagor of property dies intestate and administration is opened on his estate within the time prescribed by law, a sale of the property under a preexisting deed of trust made after administration is opened and before it is closed is void, because the opening of the administration suspends the power of sale under the deed of trust. *Robertson's Adm'x v. Paul*, 16 Tex. 472 (1856); *Pearce v. Stokes*, supra. However, the rule is different with respect to independent administrations, where the control of the decedent's estate is in the hands of an executor. "The law is settled that a trustee under a deed of trust can exercise the power of sale after the death of the grantor when the grantor's estate is being handled under an independent executor as provided and directed in the will." *Fischer v. Britton*, 125 Tex. 505, 83 S.W.2d 305, 306 (1935). Accord, *Pearce v. Stokes*, supra; *Freece v. Truskett*, 130 Tex. 90, 106 S.W.2d 675, 677 (Tex.Com.App. 1937, opinion adopted).

■ While it is true that an estate which is being administered by an independent executor is still within the scope of the general administration of the probate court, and that such court may, in certain situations, take charge of the estate and administer it under regular administration, the taking of the administration out of the independent control of the executor, and subjecting it to regular administration, does not negative the prior existence of a valid power of sale conferred by a deed of trust. The assumption of control by the probate court does not invalidate the acts of the independent executor or change the prescribed procedure applicable while the executor had independent control of the estate. It was stated in *Taylor v. Williams*, 101 Tex. 388, 108 S.W. 815, 817 (1908):

" . . . No creditor can go into the probate court to enforce his claim against an executor so long as his independent control is allowed to continue, whereas all creditors are required to go into that court to enforce claims against regular administrators. In the case of independent administrations the statutes have not required any course of procedure through which relief may be had, while in the other case the mode of proceeding is carefully and exclusively prescribed. The conclusion is that the creditor is left to pursue the general rules of law by which remedies are given, and one of those remedies, in cases like this, is the exercise of

the power of sale. We can find no reason for holding that such a power cannot be exercised, seeing that it is not extinguished by death, nor forbidden by any provision of the probate law, like those controlling regular administrations."

\* \* \* \* \* \*

". . . The authority given to the probate court to make certain orders while the estate is being independently administered does not affect the question, and the taking of the administration out of the independent control of the executor, and subjecting it to regular administration as other estates, only determines the proper course of proceedings thereafter to be had. . . ."

■ The removal of a personal representative of the estate of a decedent, either as executor or administrator thereof, deprives the personal representative of the authority to do anything further with respect to the administration of the estate. *Slay v. Davidson*, 88 S.W.2d 650 (Tex.Civ.App.— Beaumont 1935, writ ref'd); *Felton v. Birchfield*, 110 S.W.2d 1022 (Tex.Civ.App.— Fort Worth 1937, writ dism'd); 33 C.J.S. Executors and Administrators § 91.

■ As a general rule, although there are exceptions, the party who seeks cancellation of a deed to property must restore the consideration paid by the purchaser, or, in other words reestablish the status quo of the purchaser, and if he fails to do so, and thus do equity, the court may properly deny relief and refuse to cancel the deed. *Texas Company v. State*, 154 Tex. 494, 281 S.W.2d 83 (1955); *DePuy v. Bodine*, 509 S.W.2d 698 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.); *Guion v. Guion*, 475 S.W.2d 865 (Tex.Civ.App.—Dallas 1971, writ ref'd n. r. e.). Plaintiffs did not plead any facts which would support an exception to the rule, nor do they rely on any exception in this appeal.

■ In the instant case, Gloria Sepulveda filed an application to probate the will of Gilbert Sepulveda, Deceased and for issuance of letters testamentary on September 14, 1972. The application for such inde-pendent administration on the Sepulveda Estate was pending from that date until December 30, 1973, when administration was formally opened, and the decedent's will was admitted to probate. After qualification, Gloria Sepulveda's rights as the executrix of the estate related back to the date of the testator's death, as provided by Tex.Prob.Code Ann. § 37 (Supp. 1976–77), which states in part:

". . . upon issuance of letters testamentary . . . the executor . . shall have the right to possession of the estate as it existed at the death of the testator . . . and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law."

Gloria Sepulveda, in her capacity as independent executrix, was the only authorized personal representative of the Sepulveda Estate from December 30, 1973 until February 7, 1975, with the possible exception of one day, that of April 23, 1974. The appointment of Gilda S. Bozeman as administratrix of the Sepulveda Estate on February 7, 1975, was, broadly speaking, a continuation of the administration of the estate with, however, this distinction: from September 14, 1972 until February 7, 1975, the administration was independent of control by the probate court; beginning February 7, 1975, the administration has been regular and under the control of the probate court.

■ Acts done or accomplished by Gloria Sepulveda during her tenure as independent executrix of the Sepulveda Estate, absent fraud committed by her or other factors which are not here present, are valid and are not subject to being retroactively set aside. The authority of Gilda S. Bozeman to act in behalf of the Sepulveda Estate was prospective from the date of her appointment and qualification as administratrix thereof, and not retroactive. The plea in abatement, here involved, was filed while the administration of the Sepulveda Estate was independent; the hearing was had thereon on May 1, 1974, when the administration was still independent. On both of those dates, Gloria Sepulveda was the duly appointed and qualified indepen-

dent executrix of the estate. She was not, at that time, actively seeking a cancellation of the trustee's deed. She did not at a later date, and while she was executrix of the estate, attempt to set aside the trustee's sale.

■ Irrespective of whether the appointment of Gilda S. Bozeman on April 23, 1974, as administratrix of the Sepulveda Estate, was valid or not, which we do not decide, she was removed as administratrix the next day, April 24, 1974. She did not appeal from that order. She was not the administratrix of the Sepulveda Estate on April 25, 1974, when Folliott filed his plea in abatement, nor was she administratrix of the estate on May 1, 1974, when the plea was presented to the trial court, and a hearing was held thereon. She was not the original personal representative of the Sepulveda Estate. That person was Gloria Sepulveda. Gilda S. Bozeman, when she was duly appointed administratrix on February 7, 1975 and qualified pursuant to her appointment, became the successor personal representative of the estate with the power and duty of further administering the estate under Tex.Prob.Code Ann. § 224 (1956), and nothing more. She gained no new rights in the estate properties which had been sold during the tenure of her predecessor personal representative. It was her duty to take possession of only unadministered effects of the decedent. *Todd, Adm'r, v. Willis*, 66 Tex. 704, 1 S.W. 803 (1886); 34 C.J.S. Executors and Administrators §§ 1023, 1026.

■ We hold that Gilda S. Bozeman, was not the administratrix of the Estate of Gilbert Sepulveda, Deceased, at any time from April 24, 1974 until February 7, 1975, and did not have any authority to act in behalf of the Sepulveda Estate during that interval of time. Furthermore, she, as the duly qualified administratrix of the estate on November 5, 1976, when the trial court rendered the judgment which has, in part, been attacked in this appeal, had no justiciable interest in the proceedings had in this case which deal with the plea in abatement. Since she did not have authority to prosecute the suit at the time the plea in abatement was filed and when the hearing was had thereon, it is not necessary that we decide in this appeal whether she was required to make tender to Folliott of the moneys paid by him to the trustee before she would be entitled to a judgment canceling the trustee's deed. The trial court properly sustained the plea as to her as purported "administratrix of the Estate of Gilbert Sepulveda, Deceased," who, attempted to bring "this action on behalf of said Estate."

■ Raquel Sepulveda Aldama and Felix Sepulveda, being alive at the time of the filing of the plea in abatement, at the time of the hearing thereon, and at the time judgment was rendered, did not allege any ground in the original petition which was legally sufficient to cancel the trustee's deed insofar as it conveyed their undivided interest in the 36.12 acre tract to Folliott. Their ownership in the land was not affected by or subject to the administration on the Estate of Gilbert Sepulveda, Deceased. The plea in abatement as to them was properly sustained on the ground that they did not, for the reason asserted in their original petition, have standing to attack the trustee's deed.

The trustee's deed was regular on its face. It was not void, nor was it voidable "at the election of the Administratrix of the decedent's estate," as alleged by plaintiffs in their original petition. Plaintiffs have not shown this Court any reason or ground why the judgment of the trial court should be disturbed in any manner. Plaintiffs' point cannot be sustained; accordingly, it is overruled.

Folliott complains in a cross-point that the trial court "erred in finding (or concluding) that on March 6, 1968, the Bank ('NBC') accelerated and matured Sepulveda's note," because there was no evidence to support such finding (or conclusion). Although we agree with him, the cross-point does not affect the decision herein rendered. The basis for that finding (or conclusion) is found only in a letter from the Bank, dated March 6, 1968, to Gilbert Se-

pulveda, wherein Sepulveda was advised that certain notes, including the aforesaid deed of trust note to the Bank, were delinquent. He was requested to "make some arrangement with us," and was advised that "these notes will be turned over to the attorney for collection and judgment within two weeks if we do not hear from you and make other arrangements." Nothing further appears in the record as to an acceleration of the deed of trust note by the Bank. The letter does not warrant said finding (or conclusion).

The judgment of the trial court is AFFIRMED.