TOM W. PEARCE v. PAT STOKES ET AL

No. A-5666. Decided May 23, 1956.
(291 S.W. 2d Series 309)

*Byrd, Shaw & Weeks* and *James Weeks,* all of Abilene, for Petitioner.

The Court of Civil Appeals erred in holding that since administration was taken out within four years of grantor's death, the trustee's sale although made before administration was taken out, should be set aside. Natli v. Witthaus, 134 Texas 513, 135 S.W. 2d 969; Taylor v. Williams, 101 Texas 388, 108 S.W. 815; Wiener v. Zwieb, 105 Texas 262, 141 S.W. 771.

MR. JUSTICE CALVERT delivered the opinion of the Court.

The question to be decided in this case is this: Must a court, in a suit by the administrator of the estate of a deceased mortgagor of non-homestead real property in which there is no evidence of claims against the estate of higher priority than secured claims, set aside a sale of such property made after the death of the mortgagor under a power of sale in a deed of trust? The trial court answered the question in the negative. The Court of Civil Appeals answered in the affirmative *if* there is evidence that the sale "interferes with the due administration of the estate" of the deceased mortgager. We answer "yes," unconditionally.

On January 12, 1951, Matt and Mary R. Stokes executed a deed of trust on certain lots in the City of Abilene to secure Tom W. Pearce in the payment of purchase money notes. On May 13, 1952, Matt Stokes died, intestate. On January 1, 1954, default occurred in the payment of one of the notes. On April 6, 1954, the property was sold by the trustee under the power of sale contained in the deed of trust and was bought in by

Pearce. Administration was opened on the estate of Matt Stokes, deceased, on October 7, 1954. On October 18, 1954, the administrator joined in a suit theretofore filed by the heirs and sought to cancel the trustee's deed. Pearce filed a cross-action seeking a deficiency judgment and other affirmative relief. The case was tried largely on stipulations of fact and there was neither a stipulation nor evidence of claims against the estate of Matt Stokes of higher priority than secured claims. The trial court, sitting without a jury, denied any relief to the plaintiffs and rendered judgment for defendant on his cross-action. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment setting aside the trustee's sale and denying the defendant a recovery on his cross-action. 285 S.W. 2d 475.

■ The precise question has not been decided in this state. Somewhat similar questions in kindred fact situations have been decided. Death of the grantor in a deed of trust does not revoke or suspend a power of sale contained therein. Robertson v. Paul, 16 Texas 472; Heirs of Rogers v. Watson, 81 Texas 400, 17 S.W. 29; Natalia v. Witthaus, 134 Texas 513, 135 S.W. 2d 969. A sale made after the expiration of four years from the date of the death of the grantor, no administration being opened on the estate of the deceased, is valid and effectual to pass good title. Rogers v. Watson, 81 Texas 400, 17 S.W. 29; Natalia v. Witthaus, 134 Texas 513, 135 S.W. 2d 969. When a sale is made within four years after the death of the grantor and no administration is thereafter opened on the estate before the expiration of the four-year period, title of the purchaser becomes absolute. Weiner v. Zweib, 105 Texas 262, 141 S.W. 771 and 147 S.W. 867. A sale under a deed of trust is also effective to pass title where made during the pendency of an independent administration. Taylor v. Williams, 101 Texas 388, 108 S.W. 815; Fischer v. Britton, 125 Texas 505, 83 S.W. 2d 305; Freece v. Truskett, 130 Texas 90, 106 S.W. 2d 675. On the other hand, when an administration is opened on the estate of a deceased mortgagor a sale made while the administration is pending is void because the opening of the administration suspends the power of sale. Robertson v. Paul, 16 Texas 472.

The contention of the petitioner is that a sale made within four years of the death of the mortgagor may not be set aside at the instance of an administrator, duly and timely appointed, except upon proof that there are claims against the estate of higher priority than the secured debt of the mortgagee. His chief authority for this contention is certain language in Weiner v. Zweib, 105 Texas 262, 141 S.W. 771, 776 and 147 S.W. 867,

where it was said that a trustee's deed made after the mortgagor's death, but before the expiration of four years, was valid and effective to pass title *"subject only to be set aside by an administration for the payment of such preferred claims as might have existed under the law at the time, and as such deed might have interfered with the orderly administration of said estate."[1]*

The language quoted cannot, we think, be disassociated from other language in the opinion. This Court specifically approved the reasoning of the Court of Civil Appeals in the same case where, commenting on the logic of a prior opinion of this Court, the Court of Civil Appeals said: "* * * a sale, made under a power before an administration is begun on an estate, is not void, *but merely voidable in case an administration should be begun within the four years prescribed by the statute.* Such sale would not interfere with the due administration of the estate; for *the moment that the probate court took control of the estate the sale would be superseded, and the mortgagee relegated to the collection of his debt by the method required by law in cases of administration."* This Court then commented (105 Texas 273, 274, 141 S.W. 777) : "The fact that the power of sale under the circumstances named (sale after death of mortgagor but before opening of administration) is only suspended or held in abeyance pending an administration, or until the time within which an administration may be had under the statute, and then only as it might affect such administration, is a reason why *a sale, made under deed of trust after the death of the grantor and before an administration has been sued out, or before the time in which an administration could be sued out had elapsed, is suspended and held in abeyance until an administration is had, when it becomes ineffectual to convey the title,* or until the passing of the period when an administration could be had, at which time it becomes effectual to pass title as well against such administration as it had before against all others." Justice Ramsey dissented in Weiner v. Zweib, holding to the view that a sale made within four years of the death of the mortgagor should be ruled void, even though an administration was not taken out in the statutory four-year period. His opinion points up rather sharply his idea that it was the view of the majority that the opening of an administration would authorize the cancellation of a sale theretofore made. He asked: "Who would bid at a sale made under circumstances under which this one was made, when it might be annulled by the opening of

---

[1] All emphasis ours.

an administration?" (141 S.W. 781). It thus appears to have been the view of both the majority and the dissenting justice in Weiner v. Zweib that the opening of an administration would authorize the cancellation of a prior sale.

The holding of the majority on the question involved in Weiner v. Zweib has since been specifically approved by this Court, Natali v. Witthaus, 134 Texas 513, 135 S.W. 2d 969, but we know of no case holding that a court may cancel a prior sale under a deed of trust at the suit of an administrator *only* if there be evidence of debts of higher priority than the mortgage debt.

Wholly aside from what may have been said on the question by way of dicta by this or other courts, it seems to us it is one that should be solved largely on the basis of policy considerations. It seems to us further that considerations of policy require a holding that a sale under a power, after death of a mortgagor, should be cancelled if the administrator of the estate of the deceased mortgagor seeks its cancellation.

An administration is for the benefit of all creditors, not just those who have secured claims or other claims of high priority. Once an administration is opened, the law contemplates that all property liable for the payment of debts will be brought into the administration and be used for the payment of debts as provided by law. It is only thus that the claims of all creditors may, in many instances, be assured of fair consideration and fair opportunity of payment. To this extent a prior sale of property will always interfere with the due administration of an estate. Moreover, a sale under a power is a species of forced sale and such sales rarely bring as great returns as sales made after negotiation. The purpose of a mortgage is not to enable the mortgagee to acquire the mortgaged property but to secure him in the payment of his debt. He is protected in the payment of his debt when the property is brought into administration. He has a choice of methods he may pursue in obtaining payment. Texas Probate Code, Sec. 306. (Art. 3515a, V.A.T.C.S.) He should want nothing more than payment.

It is no great hardship on the mortgagee to hold that at the suit of an administrator the court must cancel a sale made under a deed of trust after the death of the mortgagor. Where there is a necessity therefor the mortgagee himself can force the opening of an administration or the payment of his claim and thus avoid the expense and trouble of a sale under the deed

of trust. Texas Probate Code, Secs. 77 and 80. (Arts. 3340 and 3357, V.A.T.C.S.). If, alternatively, he elects to have the sale made and take a chance on the subsequent opening of an administration and a suit to cancel the sale, he should abide the consequences.

What we have held will make for greater certainty in the rights of interested parties. To hold as petitioner would have us hold would encourage mortgagees to demand a sale under the deed of trust and would leave the effectiveness of the sale to depend on whether proof could be made that there were other debts or claims of higher priority. To agree with the holding of the Court of Civil Appeals would leave the effectiveness of the sale to depend on whether a court could assign reasons why the sale interfered with the due administration of the estate. Under our holding all mortgagees will know that any sale made after the death of the mortgagor and within four years thereof will be cancelled if an administration is opened and the administrator seeks cancellation, and they will thus be encouraged to pursue their remedy in an administration proceeding in the first instance.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered May 23, 1956.

Associate Justice Wilson not participating.