Albino ALBIAR et al., Appellants,

v.

Juan C. ARGUELLO, Jr.
et ux., Appellees.

No. 5556.

Court of Civil Appeals of Texas,
Eastland.

Dec. 31, 1980.

Wayne Burns, Big Spring, for appellants.

John A. Burgess, Burgess & Moore, Robert D. Miller, Big Spring, for appellees.

McCLOUD, Chief Justice.

Juan C. Arguello, Jr. and wife, Lydia B. Arguello, the owners and holders of a promissory note executed by Albino Albiar and his wife, Janie Albiar, as joint makers, sued Albino Albiar individually and as Administrator of the Estate of Janie Albiar, Deceased, for the balance due on the note, and for foreclosure of a deed of trust securing the payment of the note. Following a nonjury trial on stipulated facts the court rendered judgment against Albino Albiar individually, and as Administrator of the Estate of Janie Albiar for $12,789.14 plus interest and attorney's fees. Plaintiffs were also granted judgment for insurance premiums they had paid to maintain insurance coverage on the property. The court foreclosed the deed of trust lien, ordered the property sold, and granted plaintiffs a writ of possession. Defendant appeals.

On March 10, 1976, Albino Albiar and Janie Albiar purchased a house from plaintiffs and executed a promissory note as partial payment. On the same date, the purchasers executed a deed of trust to secure the note. The Albiars had three chil-

dren, and the purchased property became their homestead. Janie Albiar died intestate on November 6, 1976. On December 5, 1977, Albino Albiar qualified as Administrator of his deceased wife's estate. The administration is still pending and the wife's community one-half of the subject property is a part of her estate. On December 16, 1977, Albino Albiar, individually, executed a renewal and extension of the note. On May 31, 1978, plaintiffs filed and presented a notice of "Secured Claim" in the probate court of Howard County requesting that their claim on the note be treated as a preferred debt and lien against the mortgaged homestead property. The claim was not acted upon by the Administrator. Plaintiffs instituted the instant suit on February 13, 1979, in the district court of Howard County.

Since the Administrator neither allowed nor rejected plaintiffs' claim within thirty days after it was presented, the Administrator's inaction constituted a rejection of the lien. Tex.Prob.Code Ann. § 310. The plaintiffs failed to file suit against the Administrator within ninety days after the rejection. We hold that plaintiffs' suit against Albino Albiar as Administrator of the Estate of Janie Albiar is barred. Tex. Prob.Code Ann. § 313. *Russell v. Dobbs*, 163 Tex. 282, 354 S.W.2d 373 (1962); *Green Machinery Company v. Smithee*, 474 S.W.2d 279 (Tex.Civ.App.–Amarillo 1971, no writ). As to the liability of defendant as Administrator of the Estate of Janie Albiar, the probate court has exclusive jurisdiction to allow the claim, and order the decedent's interest in the property sold to discharge the lien. See *Denton v. Meador*, 268 S.W.2d 762 (Tex.Civ.App.–Amarillo 1925, no writ).

Defendant argues that since the claim is barred against him as Administrator of his deceased wife's estate, it is also barred against him in his individual capacity. We disagree. The cases cited by defendant do not support his position. Only the administrator was sued in *Burke v. Guilford Mortgage Co.*, 161 S.W.2d 574 (Tex.Civ.App.–Dallas 1942, writ ref'd w.o. m.). Also, the court on motion for rehear-

ing stated that it expressed no opinion on the validity of the notes as to the estate of Mrs. A. L. Luttrell who signed the notes with her husband. *Pearce v. Stokes*, 155 Tex. 564, 291 S.W.2d 309 (1956) was concerned with the setting aside of a trustee's deed by an administrator.

Albino Albiar in his individual capacity, is liable as a joint maker of the note for the full amount of the indebtedness. Additionally, foreclosure of the deed of trust is proper against his undivided one-half of the community property. The Supreme Court in *Martin v. Harrison*, 2 Tex. 456 (1847), stated:

> The severance then necessarily resulting from the law, there was no error in prosecuting the suit against the survivor to the full extent of his indebtedness, and to obtain satisfaction from the mortgaged property, to the extent of such survivor's interest in the property mortgaged.

See also, *Wiley v. Pinson*, 23 Tex. 486 (1859), *Kruger v. Taylor*, 27 S.W.2d 130 (Tex.Comm'n App. 1930, holding approved).

The judgment of the trial court is reformed to provide that no relief is granted to plaintiffs against Albino Albiar as Administrator of the Estate of Janie Albiar. Any referral in the judgment to "defendant" shall apply only to Albino Albiar in his individual capacity, and the referral to defendant shall in no way apply to Albino Albiar as Administrator of the Estate of Janie Albiar, Deceased. The order of foreclosure is applicable only to the undivided one-half interest in the property owned by Albino Albiar in his individual capacity. The court's order of sale and writ of possession are set aside. As modified, the judgment of the trial court is affirmed.