Amelia **RIVERA,** Administratrix of the Estate of Johnny Rivera, Deceased, Appellant,

v.

Richard **MORALES,** Jr. and Maria Luisa E. Morales, Appellees.

No. 04–86–00290–CV.

Court of Appeals of Texas, San Antonio.

June 24, 1987.

Rehearing Denied July 31, 1987.

Hector Leal, Jr., Laredo, for appellant.

Richard Morales, Jr., Laredo, for appellees.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## ON APPELLEES' MOTION FOR REHEARING

REEVES, Justice.

The appellees' motion for rehearing is denied. However this opinion is in lieu of the original opinion of this Court.

This appeal arises from a take nothing judgment in favor of the appellees, Richard and Luisa Morales. Amelia Rivera (appellant), as administratrix of the estate of her deceased husband Johnny Rivera (Rivera), brought suit against the Morales seeking to set aside the forfeiture of an executory contract for the purchase of two acres of unimproved real estate in Webb County, Texas, executed by Johnny Rivera during his lifetime but before his marriage to Amelia.

The sales contract provided that the purchase price of the property was to be $14,-000.00, payable $3,000.00 as down payment with monthly payments of $166.92 beginning June 1, 1979. At the time of Rivera's death on February 13, 1983, all monthly payments through January 1983 had been made. No payments were made for February, March or April 1983. Appellant was appointed administratrix of the estate on April 20, 1983. On May 19, 1983, appellant tendered the May payment to appellees.

On May 31, appellees refused the tendered payment and notified appellant that they were cancelling the sales contract pursuant to paragraph 5(c) of the contract for non-payment of the February, March and April installments. Paragraph 5(c) provides:

> In case the purchaser shall fail to make any payment of the purchase price promptly at the time the same shall fall due ... the seller may elect to declare a forfeiture and cancellation of this contract, and upon such election being made all rights of the purchaser hereunder shall cease and determine and any payments theretofore made hereunder by the purchaser shall be retained by the seller in liquidation of all damages sustained by reason of such failure.

Appellant contends that the trial court erred in not setting aside the forfeiture as a matter of law since the estate of Johnny Rivera was pending administration in the Probate Court and appellee has not filed claim as required by TEX.PROB.CODE ANN. §§ 298 and 306.

Appellees, in response, contend that it was not necessary for them to file a claim in the Probate Court since they opted to declare the contract forfeited under paragraph 5(c) of the sales contract. Appellees reason that upon forfeiture there was no money claim to make against the estate and, consequently, no claim to file.

A claim is defined in § 3 to "include liabilities of a decedent which survive, including taxes, whether arising in contract or tort or otherwise ..." All claims for money must be presented to the executor or administrator within six months after the legal representative qualifies. § 298. One who has a secured claim has an option. The claimant may have "the claim allowed and approved as a matured secured claim to be paid in due course of administration ...," or "as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract which secured the lien...." § 306(a).

The Probate Code provides the method of presentment and payment of claims owed by a decedent. Appellant is acting in the capacity of Administratrix of her husband's estate. Since the decedent died intestate it is incumbent upon the administratrix to pay creditors pursuant to the orders of the Probate Court and in conformity with the Probate Code. Where a deceased mortgagor of property dies intestate and administration is opened on the his estate within the time prescribed by law, a sale of the property under a preexisting deed of trust made after administration is opened and before it is closed is void, because the opening of the administration suspends the power of sale under the deed of trust. *Pearce v. Stokes*, 155 Tex. 564, 291 S.W.2d 309, 311 (1956); *Robertson's Administratrix v. Paul*, 16 Tex. 472 (1856); *Bozeman v. Folliott*, 556 S.W.2d 608, 613 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

It has long been recognized by the Texas Courts that a claim secured by a mortgage is a "money claim," within the ambit of § 298 even though it contains a power of sale by way of a non-judicial foreclosure. *Taylor v. Williams*, 101 Tex. 388, 108 S.W. 815, 816 (1908); *Dallas Joint-Stock Land Bank in Dallas v. Maxey*, 112 S.W.2d 305, 307 (Tex.Civ.App.—Dallas 1937, no writ).

▪ Although a contract of sale differs from a mortgage as to transfer of title and right of forfeiture and repossession, we fail to see how one can be considered a "money claim" and not the other. We refuse to accept the distinction, and hold that appellees should be required to file a claim in the Probate Court as provided by the Probate Code.

The judgment of the trial court is reversed and judgment is rendered setting aside the forfeiture.

CANTU, J., concurs with an opinion.

CANTU, Justice, concurring.

I concur in the reversal, but I would further hold that the trial court erred in failing to set aside the forfeiture because appellees failed to comply with article 1301b [1] once there was evidence of an intent to use the property as a residence. Clearly there was sufficient evidence to mandate compliance with the notice requirement. In the absence of compliance the trial court should have set aside the forfeiture.

---

1. Article 1301b now TEX.PROP.CODE ANN. §§ 5.061, 5.062 and 5.063 (Vernon 1983) provided in pertinent part at the time of trial:

   (1) A forfeiture of the interest ... of a purchaser in default under an executory contract for conveyance of real property used or to be used as the purchaser's residence may be enforced only after notice of seller's intentions to enforce the forfeiture ... has been given to the purchaser and only after the expiration of ...

   (c) ... 60 days from the date notice was given.