Charles Ben HOWELL, Administrator of the Estate of Fredrick Lane Howell, Deceased, Appellant,

v.

MURRAY MORTGAGE COMPANY Formerly Known as Murray Investment Company and Resolution Trust Corporation as Receiver for Murray Savings Association, Appellees.

No. 07–93–0203–CV.

Court of Appeals of Texas, Amarillo.

June 17, 1994.

Rehearing Overruled Dec. 15, 1994.

Thomas S. McCorkle, Robert J. Reagan, Dallas, Elizabeth J. Redchuk, Flower Mound, for appellant.

Jenkens & Gilchrist, Charles A. Gall, James W. Bowen, Dallas, for appellees.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Appellant Charles Ben Howell, as dependent administrator of the estate of his deceased brother, Fredrick Lane Howell (Fredrick), brought suit against appellees in response to appellees' enforcement of the terms of a deed of trust executed by Fredrick. Appellant claimed that, for a variety of legal reasons, he was not subject to a due-on-sale clause contained in the deed of trust. Specifically, appellant sought a declaratory judgment cancelling the restrictions on the transfer of the property subject to the deed of trust. Appellant also sought an injunction requiring appellees to execute and record a release of restrictions and prohibiting appellees from representing that they had any right or power to prevent a sale or transfer of the subject property. Additionally, appellant pleaded for actual and exemplary damages occasioned by appellees' conduct.

Upon consideration of appellees' motion for summary judgment, the trial court granted summary judgment in favor of appellees. Appellees had advanced the following grounds in support of their summary judgment motion: (1) appellant is subject to the due-on-sale clause because the clause is a real covenant that runs with the land and is therefore binding on appellant; (2) appellant is subject to the due-on-sale clause because the deed of trust specifically binds the parties' successors and assigns; (3) the due-on-sale clause does not constitute an undue restraint on alienation and thus, appellant's claim that he is not bound by the clause because it is an undue restraint on alienation fails; and (4) the due-on-sale clause does not fail for lack of mutuality as alleged by appellant. The summary judgment order did not state the specific grounds upon which it was granted. By 25 points of error, appellant contends that the trial court erred in granting the summary judgment motion. For the reasons expressed below, we will affirm.

On January 3, 1984, Fredrick executed a deed of trust in favor of appellees[1] to secure the renewal of a $129,750 purchase money loan on his Dallas residence located at 3780 Royal Lane. Fredrick died on September 15, 1986. Appellant was appointed administrator of Fredrick's estate. Claims against the estate amounted to at least $250,000. Unfortunately, the total value of personal property subject to administration was no more than $100,000. In order to complete the due administration of the estate, appellant determined that it was necessary to sell real property that had been acquired by Fredrick. Accordingly, appellant applied to the trial court for authority to sell the Royal Lane property as well as other properties. Upon finding it was in the best interest of the estate that the properties be sold, the trial court ordered that the Royal Lane property and the other properties be sold at a private sale. Pursuant to that court order, appellant actively offered the Royal Lane property for sale.

On July 18, 1988, appellant executed a written contract for the sale of the Royal Lane property to Robert and Mary Riggs. The sales price of the property was $235,000. The contract called for Mr. and Mrs. Riggs to assume the existing note, the principal balance of which was $126,000. Appellant agreed to finance the balance of $109,000. Accordingly, Mr. and Mrs. Riggs executed a $109,000 note in favor of appellant. The note was due and payable in full one year from the date of closing.

The sale of the property, however, was never closed. As mentioned earlier, there existed certain restrictions on the sale of the property pursuant to the terms of a deed of trust executed by Fredrick. The restrictions at issue are spelled out in Paragraph 17 of the deed of trust—the due-on-sale clause—which we set forth below.

**17. Transfer of the Property; Assumption.** If all or any part of the Property or an interest therein is sold or transferred by Borrower without Lender's prior written consent, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) the creation of a pur-

---

1. The original beneficiary of the deed of trust was Murray Investment Company, now known as Murray Mortgage Company. Shortly after its creation, the deed of trust was assigned to Mur-ray Savings Association. Later, the Resolution Trust Corporation, as receiver for Murray Savings Association, became the beneficiary of the deed of trust.

chase money security interest for household appliances, (c) a transfer by devise, descent, or by operation of law upon the death of a joint tenant or (d) the grant of any leasehold interest of three years or less not containing an option to purchase, Lender may, at Lender's option, declare all the sums secured by this Deed of Trust to be immediately due and payable. Lender shall have waived such option to accelerate if, prior to the sale or transfer, Lender and the person to whom the Property is to be sold or transferred reach agreement in writing that the credit of such person is satisfactory to Lender and that the interest payable on the sums secured by this Deed of Trust shall be at such rate as Lender shall request. If Lender has waived the option to accelerate provided in this paragraph 17, and if Borrower's successor in interest has executed a written assumption agreement accepted in writing by Lender, Lender shall release Borrower from all obligations under this Deed of Trust and the Note.

In an effort to avoid the $126,000 balance becoming due and payable upon sale of the property, appellant requested appellees to execute a waiver of acceleration, *i.e.*, appellant requested appellees to consent to a transfer of the property and agree not to declare the balance due and payable. The appellees refused to grant such a waiver. Nor did appellees waive their option to accelerate by coming to a written agreement with the Riggs that the Riggs' credit was satisfactory to them. Because of the possibility that appellees would accelerate the note if the sale was consummated, the sale of the property to the Riggs never occurred.[2] Appellant then brought suit against appellees claiming that he was not subject to the due-on-sale clause.

Appellant has purported to advance an argument in support of his first four points of error. However, such argument only deals with point of error four. An argument in support of a point of error is required to include a "discussion of the facts and authorities relied upon as may be requi-

site to maintain the point at issue." Tex. R.App.P. 74(f). Failure to brief a point of error waives appellate review of that point. *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 568 (Tex.1984); *Jones v. Texas Pac. Indem. Co.,* 853 S.W.2d 791, 796 (Tex.App.—Dallas 1993, no writ). Because appellant advances no argument in support of points of error one, two and three, those points of error are waived.

In his fourth point of error, appellant argues that the trial court erred in granting summary judgment because the Royal Lane property was under the control of the probate court in custodia legis. In other words, the property was "in the custody of the law." Black's Law Dictionary 346 (5th ed. 1979). Therefore, appellant contends, the Royal Lane property was subject to the sole control of the probate court. Appellant maintains that it is against public policy to allow appellees, on the strength of the due-on-sale clause, to thwart the probate court's attempt to have the property sold. Regardless of the due-on-sale clause, appellant asserts that "the power to decide if property under the Court's jurisdiction should be sold subject to or on assumption of outstanding indebtedness belongs to the Court, not to the lender."

It is undisputed that the due-on-sale clause was in full force and effect during Fredrick's lifetime. The question before us is whether the clause is equally enforceable against appellant as administrator of Fredrick's estate.

Appellant maintains that both the law and public policy excuse him from the constraints of the due-on-sale clause. Specifically, appellant points to Tex.Prob.Code Ann. § 348 (Vernon 1980) which states that upon order of the probate court "equity in land securing an indebtedness may be sold subject to such indebtedness, or with an assumption of such indebtedness, at public or private sale, as appears to the court to be for the best interest of the estate." Section 348 speaks to the right of the court to approve a credit sale. It does not empower the court to require a creditor to make a loan, extend a loan or make a loan assumable. Even so, appellant

**2.** The sales contract called for termination of the contract if lender "approval and waiver" was not

obtained within 30 days from the date of the contract.

contends that by refusing to execute a waiver of acceleration, appellees have sought to place themselves above the court and that such refusal constitutes an usurpation of the court's power to determine the best interest of the estate.

Appellant relies on four cases as support for his contention that the specific provisions of the due-on-sale clause must give way to the power of the probate court to act in the best interest of the estate. Each of the four cases stands for the proposition that contractual provisions must yield to the probate court's control over a deceased's estate. None of the cases, however, are exactly on point.

In *Universal Credit Co. v. Ratliff,* 57 S.W.2d 238 (Tex.Civ.App.—Waco 1933, no writ), a certain D.R. Ratliff purchased a Ford truck for a down payment of $257.50 and the remainder to be paid in twelve equal monthly installments of $47. The sales contract provided that Ratliff was not to receive title to the truck until all sums due were paid. If all the sums were not timely paid, the seller was entitled to take back possession of the truck. After making two of the monthly payments, Ratliff died. The seller took possession of the truck whereupon the administrator of Ratliff's estate sued the seller for conversion. The trial court entered judgment in favor of the administrator and the Waco Court of Appeals affirmed. The court of appeals stated that

> the act of Providence which removed the debtor beyond the jurisdiction of earthly courts released his property from the active operation of mortgages and other liens, and transferred his estate, with its claims and liabilities, to a jurisdiction specially organized for the settlement thereof.
>
> .    .    .    .    .
>
> Our probate statutes not only provide that the administrator of an estate shall be entitled to the possession of all the property belonging thereto, but further provide for the sale of such property by him for the purpose of paying debts and charges, and the order in which the proceeds of such sales shall be applied. Such statutory proceedings are wholly inconsistent with the contractual stipulations entered into by

the decedent in his lifetime for the summary seizure and sale of the truck and the application of the proceeds of such sale, and *the stipulations relied on by appellant were revoked and superseded by the administration on his estate.*

*Id.* at 240 (citations omitted) (emphasis added).

*Rivera v. Morales,* 733 S.W.2d 677, 678 (Tex.App.—San Antonio 1987, writ ref'd n.r.e.) is a similar case. In *Rivera,* one Johnny Rivera had agreed to purchase two acres of property. The sales contract called for Rivera to make a down payment followed by a series of monthly payments. The contract provided that if Rivera failed to make a payment when due, the seller could elect to declare a forfeiture and retain all the payments made to that point as liquidated damages. Upon such event, Rivera would have no more rights in the property and the seller could sell the property to another. After making the required monthly payments faithfully for over three years, Rivera died. Three monthly payments were missed before Rivera's widow tendered another monthly payment. The seller refused the tendered payment and notified the widow that they were electing to declare a forfeiture. Rivera's widow brought suit against the sellers seeking to set aside the forfeiture of the contract. The trial court entered a take-nothing judgment in favor of the sellers but the San Antonio Court of Appeals reversed, saying:

> Where a deceased mortgagor of property dies intestate and administration is opened on the his [sic] estate within the time prescribed by law, a sale of the property under a preexisting deed of trust made after administration is opened and before it is closed is void, because the opening of the administration suspends the power of sale under the deed of trust.

*Id.* at 678.

In *Pearce v. Stokes,* 155 Tex. 564, 291 S.W.2d 309 (1956), a certain Mr. and Mrs. Stokes executed a deed of trust on specified real property to secure the payment of purchase money notes. Sixteen months later, Mr. Stokes died and eventually a default

occurred in the payment of one of the notes. The real property was then sold by the trustee under the power of sale contained in the deed of trust. Subsequently, the administrator of Mr. Stokes' estate filed suit to cancel the trustee's deed. Our supreme court framed the legal question involved as follows:

> Must a court, in a suit by the administrator of the estate of a deceased mortgagor of non-homestead real property in which there is no evidence of claims against the estate of higher priority than secured claims, set aside a sale of such property made after the death of the mortgagor under a power of sale in a deed of trust?

*Id.* 291 S.W.2d at 310. The supreme court answered its own question affirmatively and went on to explain that "when an administration is opened on the estate of a deceased mortgagor a sale made while the administration is pending is void because the opening of the administration suspends the power of sale." *Id.* at 310–11. The case of *Bozeman v. Folliott,* 556 S.W.2d 608, 613 (Tex.Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.) follows *Pearce.*

■ Clearly, the "opening of administration" suspends a creditor's right to contractually repossess or sell property subject to the administration. The administrator has the absolute right to administer the estate and dispose of the property, but this right does not extend to extinguishing a creditor's right to be paid upon the sale of estate property. In appellant's case, the administrator, in effect, seeks to sell the property and not pay the creditor as contractually required in the due-on-sale clause but rather require the creditor to finance the sale. Appellant argues that both the law and public policy require such a result.

■ As noted, we can find no law requiring estate property to be released from the constraints of a due-on-sale clause. We also can find no public policy rationale for holding the due-on-sale clause to be unenforceable. Due-on-sale clauses are not an impermissible burden on the conveyance of real property. The due-on-sale clause does not prohibit or substantially restrict the conveyance and it is not an undue restraint on alienation. The clause only requires that the purchaser pay cash or secure his own financing. Such is in keeping with the intent of the parties that the debt would not be assumable without the lender's consent.

■ Courts must give deference and judges are not at liberty to casually find contractual provisions to be of no force and effect. In this case, we do not find in the probate code or in the contract law of this state, any precedent for holding the due-on-sale clause to be rendered null and void by the filing of the administration. We also do not find it is against public policy to enforce the due-on-sale clause in a sale of a deceased's property. Point of error four is overruled.

In his fifth point of error, appellant charges that the trial court erred in granting summary judgment because the due-on-sale clause is not binding on either the probate court or appellant. In points of error six, seven, eight and nine, appellant advances the specific reasons he believes the due-on-sale clause is not binding.

In his sixth point of error, appellant contends that the due-on-sale clause binds neither him nor the probate court because they are not "borrowers." As set forth earlier, the due-on-sale clause provides that if the property is "sold or transferred by *Borrower* without Lender's prior written consent," (emphasis added) then Lender shall have the option to accelerate the indebtedness. Appellant argues that the due-on-sale clause would not be triggered by his sale of the Royal Lane property pursuant to the trial court's order because only a sale by a "borrower" can trigger the clause.

Appellees admit that the deed of trust defines the term "borrower" as Fredrick L. Howell, a single man. Clearly, appellant is not the original borrower. However, appellees argue that appellant is a successor or an assign of Fredrick and thus, pursuant to Paragraph 13 of the deed of trust, is effectively a "borrower." In pertinent part, Paragraph 13 reads as follows:

> **13. Successors and Assigns Bound; Joint and Several Liability; Captions.** The covenants and agreements herein contained shall bind, and the rights hereun-

der, shall inure to the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17 hereof.

■ We find that appellant is Fredrick's successor for, as noted in *International Ass'n of Machinists v. Falstaff Brewing Co.*, 328 S.W.2d 778, 781 (Tex.Civ.App.—Houston 1959, no writ), and repeated in *Farm & Home Savings Ass'n v. Strauss*, 671 S.W.2d 682, 685 (Tex.App.—Dallas 1984, no writ),

> [b]roadly speaking, when the term successor is used in common parlance it means anyone who follows. However, when used as a legal term applying to . . . natural persons, [it] is [an] apt and appropriate term to designate one to whom property descends or [the] estate of decedent.

As administrator of Fredrick's estate, appellant is a successor to Fredrick. Point of error nine, wherein appellant contends he is not a successor, is overruled. We do not reach point of error eight wherein appellant contends he is not an assign, for in order to be a borrower, appellant must be either a successor or an assign. Having found appellant to be a successor, he is also, as defined in paragraph 13, a borrower. Therefore, point of error six is overruled.

In point of error seven, appellant maintains that even if he is a successor of Fredrick, and therefore a borrower, he is not bound by the due-on-sale clause because it is not a "covenant or agreement." We disagree. The due-on-sale clause is one of seventeen paragraphs coming after the following heading in the deed of trust:

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

Accordingly, it is clear that the due-on-sale clause is one of the "covenants and agreements" by which successors and assigns are bound. Point of error seven is overruled. Based on our answers to points of error six, seven and nine, we find the due-on-sale clause was binding on appellant, and therefore, appellant's fifth point of error is also overruled.

In points of error ten and eleven, appellant argues that the trial court erred in granting summary judgment because a fact issue existed as to whether appellees acted unreasonably in refusing to waive the default and acceleration provisions of the due-on-sale clause.

Nothing in the due-on-sale clause requires appellees to justify their actions in refusing to waive their option to accelerate the note upon the proposed sale of the Royal Lane property to Mr. and Mrs. Riggs. Appellant argues that a good faith or reasonableness requirement should be read into the deed of trust so that appellees would have the power to accelerate payment of the note only if they in good faith believed that the prospect of payment on the note was impaired. We do not agree.

■ "[A] duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power." *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex.1990). The relationship between a mortgagor and a mortgagee normally does not involve a duty of good faith. *Id.* Whether appellees acted reasonably in refusing to execute a waiver of acceleration is simply not a material issue in the case. We therefore will overrule both points of error ten and eleven because even if, *arguendo*, such a fact issue existed, it was not a "material" fact issue. A motion for summary judgment is not defeated by the presence of an immaterial fact issue. *Borg-Warner Acceptance Corp. v. C.I.T. Corp.*, 679 S.W.2d 140, 144 (Tex.App.—Amarillo 1984, writ ref'd n.r.e.).

In points of error twelve through fifteen, appellant argues that the trial court's order of summary judgment is erroneous because appellees' motion for summary judgment fails to set forth any grounds upon which the judgment can be based. Appellant charges that "[t]he motion is bereft of specific grounds," as required by Tex.R.Civ.P. 166a(c).

Appellees' motion for summary judgment in the trial court is entitled "Defendants' Motion for Summary Judgment and Brief in Support." The grounds upon which appellees relied to support the summary judgment order are set forth in Section IV of the motion under the caption "Argument and

Authorities." Appellant contends that this section of the motion is appellees' brief and that it therefore "cannot be considered as supplying any matters required by the Rule [166a(c) ] to be included in a summary judgment motion." Appellant charges that Rule 166a(c) requires the grounds for summary judgment to be stated in form comparable to a point of error in an appellate brief. We disagree.

In the recent case of *McConnell v. Southside Independent School District*, 858 S.W.2d 337 (Tex.1993), our supreme court declared:

> Consistent with the precise language of Rule 166a(c), we hold that a motion for summary judgment must itself expressly present the grounds upon which it is made. A motion must stand or fall on the grounds expressly presented in the motion. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.

*Id.* at 341.

■ Clearly, grounds contained in a brief that is separate from the summary judgment motion itself are not considered to be presented in the motion. However, our reading of *McConnell* convinces us that grounds found in a brief that is incorporated into a summary judgment motion should be deemed as being presented in the motion. The supreme court cited with approval the following passage from a recent court of appeals case:

> Although it raised these other grounds in a brief in support of the motion, we hold that this is not sufficient. A brief in support is not a motion, answer or response as contemplated by rule 166a. *The City's motion does not incorporate the brief,* and the trial court's judgment does not state that the brief was considered. The right to summary judgment exists only where there is compliance with the rule.... Because those grounds were not contained in the City's motion, we hold that summary judgment was improper if granted on those grounds.

*Id.* at 340 (citing *Shade v. City of Dallas,* 819 S.W.2d 578, 583 (Tex.App.—Dallas 1991, no writ)) (emphasis altered). Had the City of Dallas' summary judgment motion incorpo-

rated its brief, we believe the grounds would have been properly stated in the motion for summary judgment as mandated by Rule 166a(c).

■ Here, because appellees' motion for summary judgment incorporated the brief which contained the grounds in support of the summary judgment, we find that the grounds were properly contained in the motion as required by Rule 166a(c). Points of error twelve through fifteen are overruled.

■ In point of error sixteen, appellant argues that the trial court erred in basing its summary judgment wholly or partially on the appellees' claim that appellant's theory of the case would result in an administrator being empowered to sell real property to a person financially unable to assume the indebtedness on that property. While appellees did make this claim, such claim cannot be said to be a ground for this was not one of the specific grounds advanced by appellees in support of their motion for summary judgment. *See* Tex.R.Civ.P. 166a(c). Point of error sixteen is overruled.

In point of error seventeen, appellant charges that the trial court erred in basing its summary judgment order wholly or partially on the defensive claim that appellant was arguing only that (1) the due-on-sale clause was rendered unenforceable by Fredrick's death; (2) the due-on-sale clause was null and void; and (3) the due-on-sale clause was contrary to public policy. We do not read appellees' summary judgment motion as making any such claim. Accordingly, the summary judgment order could not have been based on such purported claim. Point of error seventeen is overruled.

In point of error eighteen, appellant declares that the trial court erred in basing its judgment on the defensive claim that appellant is not claiming that appellees unreasonably refused to allow the Riggs to assume the indebtedness. Again, while appellees stated in their summary judgment motion that appellant was not claiming that appellees unreasonably allowed the Riggs to assume the indebtedness, such statement did not constitute a ground upon which the summary judg-

ment was wholly or partially based. Point of error eighteen is overruled.

In point of error nineteen, appellant states that the trial court erred in basing its summary judgment wholly or partially on the defensive claim that appellant is claiming appellees must waive their rights of acceleration regardless of whether the Riggs were willing and able to assume the note. Appellant also contends that the trial court's summary judgment was erroneously based, at least in part, on the defensive claim that appellees never waived their option to accelerate because the Riggs never assumed the note. The purported defensive claims were not claims upon which the summary judgment was based. Point of error nineteen is overruled.

In point of error twenty, appellant charges that the trial court erred in basing its summary judgment wholly or partially on appellees' claim that the due-on-sale clause was binding on appellant because it was a real covenant that runs with the land. Appellees did make such a claim and the trial court may well have based its judgment on said claim. However, we need not determine whether the due-on-sale clause is a real covenant running with the land for the due-on-sale clause was binding on appellant as a "successor" (see point of error nine), and appellees explicitly set forth this ground in their summary judgment motion. Point of error twenty is overruled.

In his twenty-first point of error, appellant maintains, in essence, that the trial court erred in granting summary judgment because if due-on-sale clauses such as the one at issue are allowed to stand in this case and in similar circumstances, then the courts will be seriously hampered in their ability to preside over probate matters and in their ability to exercise jurisdiction over decedents' estates. As addressed in point of error four, we do not find that the enforcement of the due-on-sale clause in any way unreasonably restricts the power of the probate court to preside over administrations. The probate courts are empowered to preside but they are not empowered to rewrite loan agreements and require lenders to finance the sale of estate property. Such power would certainly facilitate the sale of estate property and would be of benefit to heirs but it is not within the power of the probate court. Point of error twenty-one is overruled.

One of the grounds for summary judgment advanced by appellees was that appellant's lack-of-mutuality claim was unavailing. Appellant had alleged in his pleading that the due-on-sale clause was unenforceable for want of mutuality. In his twenty-second point of error, appellant argues that the trial court erred in granting summary judgment wholly or partially on the ground that his lack-of-mutuality claim was not a claim on which relief could be based.

Appellant pleaded that the due-on-sale clause was unenforceable for want of mutuality because the clause purported to bind only the mortgagor (Fredrick) and his successors in interest; it did not purport to bind the mortgagee (appellees) or its successors in interest. Appellant's pleading continued as follows:

> [Appellant] pleads that the original mortgagee has transferred all of its interest in and to the premises unto another party. On account of lack of mutuality, said successor of the original mortgage is wholly and completely estopped to assert that it has the right to claim that Plaintiff will commit or has committed an act of default by reason of his effecting a Court-approved transfer of the premises.

In his appellate brief, appellant complains that the deed of trust can be, and indeed was, transferred from one mortgagee to another without appellant's consent while the original borrower is prohibited from transferring his mortgagor interest without the express consent of the mortgagee. Such a situation constitutes an overreaching practice by appellees and thus, the due-on-sale provision should be struck down.

We disagree. Our supreme court has held that individual paragraphs of a contract are not separate and divisible contracts. *Pace Corp. v. Jackson,* 155 Tex. 179, 284 S.W.2d 340, 344 (1955). Rather, an individual paragraph is merely a part of an entire, integrated contract between the con-

tracting parties. *Id.* Mutuality of obligation in each individual clause of a contract is unnecessary where there is consideration given for the contract as a whole. *Id.* As stated in *United Appliance Corp. v. Boyd,* 108 S.W.2d 760, 764 (Tex.Civ.App.—Fort Worth 1937, no writ):

> Generally there is mutuality in the case of mutual promises by both parties to the contract which furnish a consideration each for the other, or where both parties undertake to do something—even though every obligation of one party is not met by an equivalent counter obligation of the other.

Point of error twenty-two is overruled.

In his twenty-third point of error, appellant claims the trial court erred in basing its summary judgment wholly or partially upon the defensive claim that the contracting parties intended for the due-on-sale clause to run with the land. Appellees did make this claim but, as pointed out in our discussion of point of error twenty, appellees also based their motion for summary judgment on the ground that the due-on-sale clause was binding on appellant as a "successor." Therefore, we need not examine the intent of the contracting parties for even if, *arguendo,* there was no intent for the due-on-sale clause to run with the land, the summary judgment order is clearly supported by the fact that the clause bound appellant as a "successor." Point of error twenty-three is overruled.

By his twenty-fourth point of error, appellant complains that the trial court erred in basing its summary judgment wholly or partially upon the defensive claim that appellant had notice of the deed of trust and its provisions. Appellees made this defensive claim as part of their contention that the due-on-sale clause was a covenant running with the land. As explained above, even if, *arguendo,* the clause was not a covenant running with the land, the trial court's order of summary judgment is clearly supported by the fact that appellant was bound by the due-on-sale clause as a "successor." Point of error twenty-four is overruled.

In his twenty-fifth and final point of error, appellant charges, in effect, that the due-on-sale clause constitutes an undue restraint on alienation. Our supreme court has held that a very similar due-on-sale clause was not an undue restraint on alienation. *Sonny Arnold, Inc. v. Sentry Savs. Ass'n,* 633 S.W.2d 811, 812–15 (Tex.1982); *see also* Susan H. Cregor, Note, *MORTGAGES— Due on Sale Clause—The Due on Sale Clause in a Deed of Trust is not an Invalid Restraint on the Alienation of Property,* 14 St. Mary's L.J. 453 (1983). For the reasons expressed in *Sonny Arnold,* we find that the due-on-sale clause at issue here is not an undue restraint on alienation. Point of error twenty-five is overruled.

Having overruled all of appellant's points of error, we affirm the trial court's order of summary judgment.