**Caren HEARNE, Appellant,**

v.

**AMWEST SAVINGS ASSOCIATION, Appellee.**

**No. 2–96–275–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 4, 1997.

Law Offices of Dean A. Sanders, and Dean A. Sanders, Wichita Falls, for appellant.

Littler, Mendelson, Fastiff, Tichy & Mathiason, and Ronald E. Manthey, Anne Marie Painter, Buena Vista Lyons, Dallas, for appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

CAYCE, Chief Justice.

Caren Hearne appeals from the trial court's order granting AmWest Savings Association's ("AmWest") motion for summary judgment and dismissing her claim for violation of the Texas Commission on Human Rights Act ("TCHRA").[1] In her first three points of error, Hearne contends that the trial court erred in granting AmWest's motion because there are genuine issues of material fact in Hearne's claims that (1) she was "disabled" under the meaning of the TCHRA and (2) that her disability was the sole reason she was discharged from her employment with AmWest. Hearne further contends that a material issue of fact exists on the question of whether AmWest had a legitimate, nondiscriminatory business reason to fire Hearne. In Hearne's fourth and fifth points of error, she urges that the trial court erred in entering a judgment for AmWest (1) on the ground that she was discharged pursuant to a legitimate, nondiscriminatory business reason because AmWest did not plead this ground as an affirmative defense and (2) because AmWest's grounds for summary judgment were not set forth in its motion. Because Hearne failed to prove the existence of a material fact issue on the question of whether she was "disabled" under the TCHRA, we will affirm.

In the summer of 1991, Hearne was hired as a bank teller for AmWest. A year later, Hearne was diagnosed as a diabetic. She was required to take daily insulin shots and eat snacks during the day; however, no restrictions were placed on her ability to work,

---

1. The TCHRA provides in pertinent part:

   It is an unlawful employment practice for an employer:

   (1) to ... discharge an individual or otherwise to discriminate against an individual ... because of ... disability....

   Act of May 29, 1989, 71st Leg., R.S., ch. 1186, § 11, 1989 Tex. Gen. Laws 4824, 4828–29.

and she did not request any special accommodations from AmWest.

In 1993, AmWest began installing a new computer system. All employees were required to complete training on the system. AmWest employees received a memorandum on March 15, which stated that all employees were to attend a training day scheduled for March 20, a Saturday. Hearne had already made plans to travel with her husband to La Grange, Texas where her children had been vacationing. Hearne spoke with several of her supervisors and requested that she be allowed to miss the training session. She was told that if she did not attend the training session, she would be fired. Consequently, Hearne did not attend the training session and never returned to work.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *see Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.*, 391 S.W.2d at 47.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995); *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 537 (Tex.1975). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *See Centeq Realty*, 899 S.W.2d at 197.

When reviewing a summary judgment granted on general grounds, the court considers whether any theories set forth in the motion will support the summary judgment. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). If any theory advanced in a motion for summary judgment supports the granting of summary judgment, a court of appeals may affirm, regardless of whether the trial court specified the grounds on which it relied. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996).

Here, the trial court did not state the grounds on which it granted AmWest's motion for summary judgment. Consequently, we will examine whether any theory set forth in AmWest's motion will support the judgment. AmWest moved for summary judgment on the following grounds:

· Hearne was not "disabled" under the TCHRA;

· Hearne's diabetes was not the sole reason she was fired;

· AmWest had a legitimate, nondiscriminatory business reason to fire Hearne; and

· AmWest's articulated reasons for firing Hearne were not merely a pretext to fire her because of her diabetes.

Hearne's first point of error alleges that the court improperly granted summary judgment because there is a genuine issue of material fact in the question of whether Hearne is disabled under the TCHRA.

AmWest presented excerpts from Hearne's deposition testimony as summary judgment proof. Hearne testified that she has had no problems with her diabetes since she began controlling the disease with insulin and diet. She also testified that she had no restrictions with regard to her duties as a teller for AmWest and that she was capable of performing all her duties at AmWest without assistance.

Hearne filed as summary judgment proof an affidavit that stated the following:

> Being a diabetic has changed my life in many ways. It affects my eyes—they will deteriorate, of that there is no doubt; kidneys, I have to go to the restroom more often. It interrupts my sleep, makes me very thirsty. It can cause a heart attack and arthritis. It affects my circulation by making my hands and feet go numb, it causes loss of memory and makes me very irritable when my blood sugars are at wrong levels. If I get hot or sweat a lot then my blood sugar is too high. I have to apply for Medicaid because no insurance company will take me.

> I have severe headaches, stomach aches, diarrhea, anxiety attacks, shingles. My skin becomes blotty and red. When I get sick or cut it takes twice the time to heal. I must always protect my feet, wear socks and dry my body very well after shower or bath. I get stress whelps, feel tired and fatigue[d]. I have mini-comas several times a month which is a deep sleep without realizing what's happening and usually happens after a long day when my blood sugar is [too] high.

> I must stay on schedule by taking my medication which [is] shots twice a day everyday and I must eat six times a day everyday. I must take breaks during the day to eat and go to the restroom. If I do not eat on time or take my medication on time then I will feel tired or stressed. I always have to travel with orange juice or crackers in case my sugar level changes.

■ Because the TCHRA seeks to promote federal civil rights policy and because Texas has little case law interpreting the TCHRA, we may look to analogous federal precedent when appropriate. *See Holt v. Lone Star Gas Co.,* 921 S.W.2d 301, 304 (Tex.App.—Fort Worth 1996, no writ) (op. on reh'g). Federal policy regarding employment discrimination based on disability is found in the Rehabilitation Act of 1973, 29 U.S.C.S. §§ 701–797b (Law. Co-op.1990 & Supp.1997), and the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. §§ 12101–12213 (Law.Co-op.Supp.1997). Consequently, we look to the most analogous provisions of these laws in interpreting the TCHRA. *See Austin State Hosp. v. Kitchen,* 903 S.W.2d 83, 87–88 (Tex.App.—Austin 1995, no writ).

Under the version of the TCHRA in effect when Hearne filed her claim, "disability" was defined as follows:

> (4) "Disability" means a mental or physical impairment that substantially limits at least one major life activity or a record of such a mental or physical impairment.

Act of May 29, 1989, 71st Leg., R.S., ch. 1186, § 3, 1989 Tex. Gen. Laws 4824, 4824. This definition is substantially equivalent to the definitions of disability found in the ADA and the Rehabilitation Act of 1973.[2]

■ Although it is undisputed that Hearne is insulin-dependent, insulin dependency alone does not render a diabetic per se disabled under the ADA. *See Coghlan v. H.J. Heinz Co.,* 851 F.Supp. 808, 813 (N.D.Tex. 1994). Under the ADA, the plaintiff must still prove that the diabetes "substantially limits one or more" major life activity or that the plaintiff has a "record" of the diabetes

---

**2.** The ADA defines disability as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C.S. § 12102(2) (Law.Co-op.Supp. 1997).

The Rehabilitation Act of 1973 defines a disabled person as:

[A]ny person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.

29 U.S.C.S. § 706(8)(B) (Law.Co-op.Supp. 1997).

substantially limiting a major life activity. *Id.* Regulations promulgated by the Equal Employment Opportunity Commission ("EEOC") construing the ADA define "major life activity" as including "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (1996).

In the instant case, Hearne failed to prove the existence of a genuine issue of material fact on the question of whether she is disabled. Although Hearne asserted that she has suffered "mini-comas," dry skin, fatigue, stress, irritableness, stomachaches, and headaches, Hearne did not assert that she was unable to care for herself, perform manual tasks, walk, see, hear, speak, breathe, learn, or work. In fact, Hearne admitted that she could perform all these functions, unlike the plaintiff in *Coghlan,* who alleged, among other things, that he had difficulty caring for himself, suffered damage to his eyes so severe he required surgery, and experienced bouts of low insulin that caused him to be so weak that he struggled to reach the refrigerator for nourishment. Moreover, Hearne expressly admitted in her deposition testimony that she had no restrictions, limitations, or difficulties with regard to her duties as a teller at AmWest and that she was able to perform all her duties without any assistance.

Regarding whether Hearne had a "record" of the impairment of a major life function as a result of her diabetes, Hearne argues that the mere fact she was hospitalized for two weeks when she was diagnosed with diabetes is sufficient to establish such a record. *See School Bd. of Nassau County, Fla. v. Arline,* 480 U.S. 273, 281, 107 S.Ct. 1123, 1127, 94 L.Ed.2d 307, 317 (1987) (construing hospitalization for tuberculosis as sufficient record of impairment under the Rehabilitation Act of 1973). Since *Arline* was decided, however, federal courts have held that simply being hospitalized is insufficient to establish a record of impairment under the Rehabilitation Act of 1973. *See, e.g., Demming v. Housing & Redevelopment Auth.,* 66 F.3d 950, 955 (8th Cir.1995); *Byrne v. Board of Educ.,* 979 F.2d 560, 566 (7th Cir.1992).

Hearne's testimony establishes that she was hospitalized only once and that she had no problems controlling her diabetes after her initial hospitalization. Moreover, Hearne presented no evidence that a major life activity was substantially impaired during the time she was hospitalized.

▮ We hold that, under the particular facts of this case, Hearne's diabetes did not render her "disabled" under the TCHRA. Thus, the court properly granted summary judgment for AmWest on that ground. Point of error one is overruled.

In her fourth point of error, Hearne contends that the court erred in granting summary judgment for AmWest because AmWest's grounds for summary judgment were raised in a brief filed in support of AmWest's motion for summary judgment and not the motion itself as required by Rule 166a of the Texas Rules of Civil Procedure.

Rule 166a provides that "[t]he motion for summary judgment shall state the specific grounds therefor." *See* Tex.R. Civ. P. 166a(c). Pursuant to Rule 166a, the grounds for summary judgment must be presented in the motion itself, not in a brief filed contemporaneously with the motion as a separate document. *See McConnell v. Southside ISD,* 858 S.W.2d 337, 339 (Tex.1993). However, if the grounds upon which the motion for summary judgment is based are presented in a single document that contains both the motion and brief, the requirements of Rule 166a have been met. *See Howell v. Murray Mortgage Co.,* 890 S.W.2d 78, 85 (Tex.App.— Amarillo 1994, writ denied). AmWest's motion for summary judgment and brief in support of the motion were filed together as a single document, and in that document the grounds on which the motion is based are clearly stated. Accordingly, we overrule point of error four.

Because we hold that the summary judgment was properly granted on the ground that there is no genuine issue of material fact on the question of whether Hearne is "disabled" under the TCHRA, we need not reach Hearne's other points of error.

We affirm the judgment of the trial court.