NO. 07-09-0324-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 5, 2009
______________________________

WENDELL H. TAYLOR,

                                                                                                 Appellant

V.

ZURICH AMERICAN INSURANCE COMPANY,

                                                                                                 Appellee

______________________________

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2008-562,834; HON. PAULA DAVIS LANEHART, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Appellant Wendell H. Taylor appeals as an indigent from the final judgment of the
trial court. On October 30, 2009, the County Clerk of Lubbock County filed a formal
contest to Taylor’s request to proceed as an indigent.
          Per Texas Rule of Appellate Procedure 20.1(e), the court clerk may contest an
affidavit of indigency. Consequently, we abate this appeal and remand the cause to the
County Court of Law No. 3 of Lubbock County (trial court) for further proceedings. Upon
remand, the trial court shall undertake those proceedings necessary (which may include
an evidentiary hearing) to determine:
1. whether appellant desires to prosecute the appeal; and
 
2. whether appellant is indigent and unable to pay all or some of the costs
which may be incurred in prosecuting the appeal.

          The trial court thereafter shall issue an appropriate order addressing the foregoing
matters and cause the order to be filed with the clerk of this court on or before December
4, 2009. So too shall it cause any hearing it may hold to be transcribed, which transcription
along with any evidence received must then be filed with the clerk of this court by the same
date. Should further time be needed by the trial court to perform these tasks, then same
must be requested before December 4, 2009.
          It is so ordered.
                                                                           Per Curiam



 . Smith outsmart you on this thinks [sic] he is bulletproof'" and
about his "'hiding' behind others," 3) allusion to "kilograms of drugs in Lamb County," and
4) placing baggies of flour in a locale that could be seen by the jury. These supposed
communications warranted a new trial, according to appellant. We disagree.

 As for the allusion to extraneous offenses, appellant fails to discuss the particular
evidence and cites us to its location in the record. (1) This alone is fatal for complaints
unsupported by citation to the record are waived. Tex. R. App. Proc. 38.1(h) (requiring
citation to the record); Alvarado v. State, 912 S.W.2d 199, 210 (Tex. Crim. App. 1995)
(holding that an argument, when unaccompanied by citation to the record, is inadequately
briefed and is waived). 

 Additionally, other than concluding that one "may only be convicted based upon
evidence concerning the case on trial [and] the prosecutor should not arouse prejudice in
the jurors' minds with extraneous material that is unrelated to the offense charged,"
appellant fails to explain why the evidence was inadmissible and, therefore, improper to
present to the jury. This is of import because extraneous offenses may indeed be
admissible. For instance, they may be admissible to show matter other than character and
appellant's engaging in conduct in conformity with that character. Tex. R. Evid. 404(b)
(stating that evidence of other crimes, wrongs or acts may be admissible for purposes
other than to prove one acted in conformity with his character). Moreover, appellant does
not contend that the evidence at bar was admitted solely for the purpose of proving
character and his conformity with that character. So, without him establishing on appeal
that the supposed evidence of extraneous offenses was inadmissible, we cannot say that
the State acted improperly in allegedly mentioning it. See Alvarado v. State, 912 S.W.2d
at 210 (holding that the appellant presented nothing for review when he omitted
explanation in support of his point); Howell v. Murray Mortg. Co., 890 S.W.2d 78, 81 (Tex.
App.--Amarillo 1994, writ denied) (holding that a point is adequately briefed when
accompanied by discussion of the facts and authorities relied on). In short, it is not our
task to speculate upon the nature of an appellant's theory. Alvarado v. State, 912 S.W.2d
at 210.

 As for the supposed comment upon appellant's failure to testify and allusion to kilos
of cocaine being in Lamb County, appellant fails to accompany the point with explanation
or legal authority illustrating that the conduct was improper. The same is also true of his
contention viz the presence of flour in the courtroom and in a locale which could
supposedly be seen by the jurors. Having failed to properly brief the complaints as
required by Texas Rule of Appellate Procedure 38.1(h), appellant waived them.

 Accordingly, the judgment is affirmed.


 Brian Quinn

 Justice



Do not publish.


1. The cites he does provide do not encompass evidence of extraneous offenses committed by or
involving appellant.