In re Daniel Otis TOMLIN, Jr., Debtor.

**United States of America,
Plaintiff–Appellee,**

v.

**Daniel Otis Tomlin, Jr., Defendant–
Appellant.**

**No. CIV. A. 3:00–CV–1161–D.
Bankruptcy No. 99–35175–HCA–7.
Adversary No. 99–3471.**

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 6, 2001.

351

Michael D. Powell, Tax Division, U.S. Department of Justice, Dallas, TX, for Plaintiff–Appellee.

E. P. Keiffer of Hance, Scarborough, Wright, Ginsberg & Brusilow, LLP, Dallas, TX, for Defendant–Appellant.

*APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS*

FITZWATER, District Judge.

This interlocutory appeal presents the question whether a Texas estate executor owes a trust-type obligation to the Internal Revenue Service ("IRS") to pay federal estate taxes so that, if his failure to do so is the result of fraud or defalcation, his personal indebtedness for the taxes is nondischargeable under 11 U.S.C. § 523(a)(4) on the ground that he was acting in a fiduciary capacity. Because the court holds that a Texas estate executor does owe such a trust-type obligation, it affirms the bankruptcy court's order denying the executor's motion to dismiss the adversary proceeding below.

## I

Defendant-appellant Daniel Otis Tomlin, Jr. ("Tomlin") is the son of the late Daniel Otis Tomlin, Sr. ("Tomlin, Sr."). Tomlin and his mother, Erline S. Tomlin ("Mrs. Tomlin"), who is Tomlin, Sr.'s widow, were appointed Independent Co–Executors of Tomlin, Sr.'s Estate ("Estate"). In 1985 Tomlin and Mrs. Tomlin filed with the IRS an estate tax return that reflected a net tax liability of approximately $2.8 million. According to plaintiff-appellee United States of America ("the government"), much of these taxes remain unpaid as a result of acts or omissions of Tomlin as Estate Executor.

In 1998 the government sued Tomlin, Mrs. Tomlin, and a partnership in which the Estate has an interest.[1] The government sought in the lawsuit to reduce the Estate's tax liability to judgment, foreclose the IRS' tax lien against the partnership interest, and obtain a judgment against Tomlin and Mrs. Tomlin for breach of their fiduciary duties to the IRS as Executors of the Estate. Mrs. Tomlin later resigned as Estate Co–Executor. Tomlin filed a voluntary chapter 7 petition seeking *inter alia* to discharge any indebtedness he owes the IRS.

On behalf of the IRS, the government initiated an adversary proceeding in Tomlin's chapter 7 case by filing a complaint objecting to discharge. It alleged that Tomlin's indebtedness should be excepted from discharge under § 523(a)(4) because, by acts and omissions that amount to fraud or defalcation, he breached his fiduciary duty to the IRS as a creditor of the Estate. Tomlin moved to dismiss the complaint for failure to state a claim on which relief can be granted. He argued that the government lacked standing to sue because, as a matter of law, he did not owe a fiduciary duty to the IRS. The bankruptcy court denied the motion. It held that, under Texas law, an estate executor occupies a position of trust to all parties who have an interest in the estate, especially to creditors when the estate is insolvent, and that the executor's duty to creditors extends to the United States.[2] Tomlin sought leave to bring an interlocutory appeal from the order denying his motion to dismiss. Judge Maloney, to whom the case was then assigned, granted leave to appeal.[3]

## II

This court reviews *de novo* the bankruptcy court's ruling on a Fed. R. Bankr.P. 7012(b) motion to dismiss. *See, e.g., Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 246 (5th Cir.1997) (addressing dismissal under Fed.R.Civ.P. 12(b)(6)).[4] It also determines *de novo* the question whether the government has standing to prosecute the adversary proceeding below. *See In re Solomon,* Civil Action No. 3:96–CV–2579–D, slip op. at 4 (N.D.Tex. Mar. 5, 1997) (Fitzwater, J.) (unpublished opinion).

Under § 523(a)(4) of the Bankruptcy Code, a debtor does not receive a discharge "from any debt—... for fraud

---

1. The suit, *United States v. Daniel O. Tomlin, Jr., et al.,* Civil Action No. 3:98–CV–1732–D, is pending before the undersigned. Proceedings in that case have been deferred pending a decision in the instant interlocutory appeal.

2. The bankruptcy court also rejected Tomlin's argument that the claim is barred by the three-year limitation period applicable to §§ 523(a)(1)(A) and 507(a)(8)(E).

3. Judge Maloney granted leave on November 21, 2000 and later transferred the appeal to the undersigned's docket on April 9, 2001.

4. Rule 12(b)(6) is made applicable to an adversary proceeding through Rule 7012(b).

or defalcation while acting in a fiduciary capacity[.]" For purposes of this interlocutory appeal, the question whether Tomlin committed fraud or defalcation is not at issue. The controlling question is whether he acted in a fiduciary capacity with respect to the IRS in connection with the obligation to pay estate taxes, that is, whether he "owe[d] the type of fiduciary duty contemplated by section 523(a)(4)." *In re Bennett,* 989 F.2d 779, 783 (5th Cir. 1993) (on rehearing). In determining whether Tomlin was acting in a fiduciary capacity, the court looks to federal and state law. *Id.* at 784. Federal law controls the concept of fiduciary for purposes of § 523(a)(4), but state law is important in determining whether a trust obligation exists. *Id.*

 The concept of fiduciary under § 523(a)(4) applies only to technical or express trusts. *Id.* (citing *In re Angelle,* 610 F.2d 1335 (5th Cir.1980)). "It is not enough that, by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio." *Davis v. Aetna Acceptance Co.,* 293 U.S. 328 333, 55 S.Ct. 151, 79 L.Ed. 393 (1934). "[T]he technical trust ... must exist prior to the act creating the debt and without reference to that act." *Angelle,* 610 F.2d at 1338. Nevertheless, "the 'technical' or 'express' trust requirement is not limited to trusts that arise by virtue of a formal trust agreement, but includes relationships in which trust-type obligations are imposed pursuant to statute or common law." *Bennett,* 989 F.2d at 784–85.

In determining whether a trust-type obligation exists, the parties, particularly Tomlin, focus their briefing on Tex. Probate Code Ann. § 37 (Vernon Supp.2001).[5] As of his reply brief, Tomlin narrows his position on appeal to an exegetical analysis of § 37 that he then applies to estate taxes. Tomlin reasons that the IRS does not qualify under § 37 as a party to whom he owes a fiduciary duty because the Estate's obligation to pay federal estate taxes arose after Tomlin, Sr.'s death.[6] He contends the IRS' claim for taxes is not a debt of the decedent but is instead a post-death claim against the estate. Tomlin maintains that, properly interpreted, § 37 imposes on an executor a fiduciary duty only to creditors who are owed pre-death debts by the decedent, not to a broader class of

---

**5.** Section 37:

When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will, and all powers of appointment granted in such will, shall vest immediately in the devisees or legatees of such estate and the donees of such powers; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject, however, to the payment of the debts of the testator or intestate, except such as is exempted by law, and subject to the payment of court-ordered child support payments that are delinquent on the date of the person's death; and whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exception aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate

and the delinquent child support payments; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law.

**6.** Tomlin contends in his reply brief:

It can be stated, without any conflict, that this case will be determined by whether the IRS is a party who has standing to assert that § 37 of the Texas Probate Code creates a statutory trust to which it is a specific beneficiary. The briefs have distilled this case to that specific point.

Appellant Rep. Br. at 1.

creditors who have claims against the estate but who do not hold pre-death debts of the decedent.

Although the bankruptcy court relied in certain respects on § 37 of the Texas Probate Code in denying Tomlin's motion to dismiss, *see* R. 5,[7] it also reasoned that Tomlin owed a fiduciary duty on the ground that "Texas law has long recognized that an executor of an estate occupies a position of trust to all parties having an interest in the estate[,]" "especially . . . to creditors where the estate is insolvent." *Id.* at 6 (collecting cases). The court agrees with the bankruptcy court's implicit conclusion that Texas common law is sufficient to, and does, create the trust-type obligation that § 523(a)(4) requires.

 Texas law provides that, "[a]s trustee of the property of the estate, the executor is subject to the high fiduciary standards applicable to all trustees." *Humane Soc. of Austin & Travis County v. Austin Nat'l Bank*, 531 S.W.2d 574, 577 (Tex.1976). "An independent executor is charged with the duty of paying the claims against the estate subject to the order and classification set out in the Probate Code."

*Ertel v. O'Brien*, 852 S.W.2d 17, 20–21 (Tex.App.1993, writ denied). He "stands in a fiduciary relationship with the creditors of the estate of the Decedent." *Ex parte Buller*, 834 S.W.2d 622, 626 (Tex. App.1992, no writ). "An independent executor is held to the same high fiduciary duties and standards as are applicable to trustees with respect to his handling of the claims of creditors. Thus, an executor's failure to pay the claims of creditors in accordance with the Probate Code constitutes a breach of the executor's statutory and fiduciary duties and subjects him to individual liability." 29 Tex. Jur.3d § 903 (1996).[8] Because Texas common law imposes a fiduciary duty on Tomlin as Estate Executor to pay federal estate taxes to the IRS, it is adequate to satisfy the trust-type obligation required by § 523(a)(4). It is therefore irrelevant whether § 37 of the Texas Probate Code creates a technical or express trust or a trust-like obligation.[9] Under Texas law, as the court has explained above, an independent executor is charged with the duty of paying claims against the estate. The Texas Probate Code defines claims as follows:

---

7. Citations to "R." are to the record on appeal. *See* N.D. Tex. Bankr.R. 8010.2.

8. Texas law concerning estate administrators is in accord. *See, e.g., Pearce v. Stokes*, 155 Tex. 564, 291 S.W.2d 309, 312 (1956) ("An administration is for the benefit of all creditors, not just those who have secured claims or other claims of high priority."); *James Cochran's Adm'rs v. Thompson*, 18 Tex. 652, 1857 WL 5019, at *3 (1857) ("The appointment of an administrator is merely a trust to pay the claims of creditors, and then restore the remainder of the assets to the heirs.").

9. If Tomlin intended to contend at oral argument that, because § 37 of the Probate Code covers the topic of fiduciary duties, if it does not impose such a duty then the trust-type obligation required by § 523(a)(4) cannot be derived from Texas common law, the court disagrees. In *Ragsdale v. Haller*, 780 F.2d 794 (9th Cir.1986), for example, the Ninth

Circuit addressed whether the debt of one partner in a California partnership to his other partner was nondischargeable under § 523(a)(4). *Id.* at 795–96. This question turned on whether he was a fiduciary. The court rejected the creditor's assertion that § 15021 of the California Corporation Code provided the necessary fiduciary relationship, concluding that the trust provided by that statute arose *ex maleficio*. *Id.* at 796. Despite the conclusion that a statute that addressed the topic was insufficient under § 523(a)(4), the court held that California common law "raised the duties of partners beyond those required by the literal wording of § 15021." *Id.* The Ninth Circuit therefore held on the basis of California common law that "California partners are fiduciaries within the meaning of § 523(a)(4)[.]" *Id.* at 796–97 (footnotes omitted).

"Claims" include liabilities of a decedent which survive, including taxes, whether arising in contract or in tort or otherwise, funeral expenses, the expense of a tombstone, expenses of administration, *estate* and inheritance *taxes,* and debts due such estates.

Tex. Prob.Code Ann. § 3(c) (Vernon Supp. 2001) (emphasis added). Thus Texas common law, combined with § 3(c) of the Texas Probate Code, imposes upon Tomlin as Estate Executor a fiduciary duty—*i.e.,* a trust-type obligation—to pay federal estate taxes in accordance with applicable law. The bankruptcy court therefore correctly denied Tomlin's motion to dismiss the government's complaint objecting to discharge.

\* \* \* \* \* \*

The bankruptcy court's order denying Tomlin's motion to dismiss is AFFIRMED, and this adversary proceeding is REMANDED to the bankruptcy court for further proceedings.

AFFIRMED and REMANDED.