**GBL HOLDING COMPANY, INC., Appellant,**

v.

**BLACKBURN/TRAVIS/COLE, LTD., and Robert L. Milbank, Chapter 11 Trustee, Appellees.**

**In re: State Park Building Group, Ltd., et al, Debtors.**

**No. Civ.A.3:04–CV–2411–M.**

United States District Court, N.D. Texas, Dallas Division.

Feb. 23, 2005.

Phillip L. Lamberson, Winstead, Sechrest & Minick, Tom M. Thomas, Kolodey, Thomas & Blackwood, Dallas, TX, for Appellant.

Davor Rukavina, Mark H. Ralston, Munsch, Hardt, Kopf & Harr, Dallas, TX, for Appellee.

## MEMORANDUM OPINION AND ORDER

LYNN, District Judge.

Appellant GBL Holding Company, Inc., ("GBL") appeals the Orders of United States Bankruptcy Judge Harlin D. Hale, granting Appellee's Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") and Motion for Authority to Sell Real Property of Blackburn/Travis/Cole, LTD. ("Motion to Sell"), both filed by Chapter 11 Trustee Robert L. Milbank ("Trustee"). For the reasons stated below, the Court finds that the Bankruptcy Court properly granted the Motion to Sell, and that the Motion to Dismiss is moot.

## I. Background

This dispute arises from a contract to sell commercial real estate. In February 2002, GBL entered into a Commercial Sales Contract ("Contract") with Blackburn/Travis/Cole, Ltd. ("Blackburn") for the purchase of real property located at 3737 Cole Avenue, Dallas, Texas ("Cole Property"). The Contract called for the Cole Property to be purchased by GBL for $2,700,000, at a closing scheduled for July 17, 2002. GBL appeared at the time and place set for closing, but Blackburn did not. The parties dispute whether GBL was fully prepared to close on July 17, 2002. The Cole Property is estimated to have a current fair market value in excess of $4,300,000.

On April 5, 2004, Blackburn filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Three months later, GBL filed its Original Complaint ("Complaint") against Blackburn, claiming breach of the Contract and seeking specific performance. The Trustee moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss GBL's Complaint for failure to state a claim upon which relief may be granted. While the

Motion to Dismiss was pending, the Trustee filed a Motion to Sell, requesting authority under 11 U.S.C. § 363 to sell the Cole Property at auction, and to use the proceeds to satisfy the Estate's creditors. On September 2, 2004, the Bankruptcy Court conducted a hearing on the Motion to Dismiss and the Motion to Sell. The Bankruptcy Court granted both Motions on September 22, 2004. GBL appeals, seeking to pursue its claim for specific performance and to resist a sale of the Cole Property at auction.

## II. Motion to Sell

This Court reviews the Bankruptcy Court's "conclusions of law *de novo,* but reviews its fact findings only for clear error." *In re Nary,* 253 B.R. 752, 756 (N.D.Tex.2000) (quoting *In re ICH Corp.,* 230 B.R. 88, 91 n. 10 (N.D.Tex.1999)). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Biesel v. Billings (In re Biesel),* No. 3:01–CV–2284–D, 2002 WL 746024, at *7, 2002 U.S. Dist. LEXIS 7357, at *21 (N.D. Tex. April 24, 2002) (quoting *In re Johnson Southwest, Inc.,* 205 B.R. 823, 827 (N.D.Tex.1997)). "This [C]ourt does not find facts. Neither is it free to view the evidence differently as a matter of choice." *Id.*

Section 363 of the Bankruptcy Code allows the Trustee "after notice and a hearing [to] use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1) (2005). If authorized by the Court, the Trustee may sell the Cole Property free and clear of any interest that GBL may have, provided that GBL's "interest is in bona fide dispute or [GBL] could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f) 4–5 (2005). Since entitlement to specific performance is purely a matter in the discretion of the Court, GBL can be required to accept a monetary judgment. *See Roundville Partners, LLC v. Jones,* 118 S.W.3d 73, 78–79 (Tex.App.—Austin 2003, pet. denied) (quoting 14 POWELL ON REAL PROPERTY § 81.04[1][c] (Michael Allan Wolf ed., 2000)) ("A decree of specific performance is not a matter of right even to enforce terms of a contract, but is a 'matter of grace' in the discretion of the court."). Thus, this Court holds that 11 U.S.C. § 363(b)(1) authorizes the Cole Property to be sold free and clear of GBL's interest, so long as the Bankruptcy Court did not abuse its discretion in granting the Trustee's Motion to Sell. *See Plains Farm Supply v. Tex. Equip. Co. (In re Tex. Equip. Co.),* 283 B.R. 222, 227 (Bankr.N.D.Tex., 2002) ("The court's order authorizing sale is reviewed for abuse of discretion.").

In order for the proposed sale to be proper, the Trustee must "satisfy [his] fiduciary duty to the debtor, creditors and equity holders, [by articulating some] business justification for using, selling, or leasing the property outside the ordinary course of business." *In re Continental Air Lines, Inc.,* 780 F.2d 1223, 1226 (5th Cir.1986). Great judicial deference is given to the Trustee's exercise of business judgment. *In re Gulf States Steel,* 285 B.R. 497, 516 (Bankr.N.D.Ala.2002) (citing *In re Bakalis,* 220 B.R. 525, 531–32 (Bankr.E.D.N.Y.1998)). In this case, the Trustee has argued and presented evidence to the Bankruptcy Court that this sale should proceed for several reasons. First, a sale at the present time would maximize the value of the Cole Property. Second, a sale at auction is likely to generate enough revenue to allow the Trustee to satisfy all of the estate's creditors. Third, a sale at this time would allow the Trustee

to pay the mortgage and tax liability currently associated with the Cole Property and therefore eliminate the risk that the Cole Property could be subject to foreclosure proceedings.

 "'As long as [the sale] appears to enhance a debtor's estate, court approval of a [Trustee's] decision to [sell] should only be withheld if the [Trustee's] judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code....'" *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir.1985) (quoting *Allied Tech., Inc. v. R.B. Brunemann & Sons*, 25 B.R. 484, 495 (Bankr.S.D.Ohio 1982)) (upholding the Debtor's exercise of business judgment in a decision to assume a lease). The Bankruptcy Court was persuaded that the justifications presented by the Trustee were sound and this Court sees no reason to disturb that finding. Therefore, the Court finds no abuse of discretion in the Bankruptcy Court's Order granting the Motion to Sell. Accordingly, the Bankruptcy Court's decision to grant the Motion to Sell is **AFFIRMED.**

### III. Motion to Dismiss [1]

 "This court reviews *de novo* the bankruptcy court's ruling on a Fed. R. Bankr.P. 7012(b) motion to dismiss." *United States v. Tomlin*, 266 B.R. 350, 352 (N.D.Tex.2001). Under Federal Rule of Bankruptcy Procedure 7012(b), adversary proceedings are subject to Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of a Complaint for "failure to state a claim upon which relief can be granted." In considering such a motion, the Complaint must be liberally construed in favor of the Plaintiff, and all well pled facts in the Complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). Dismissal is only appropriate if "it appears beyond doubt that the [P]laintiff can prove no set of facts in support of its claim which would entitle it to relief." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir.2004) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). However, "to the extent that the [P]laintiff's claims set forth conclusory allegations or unwarranted deductions of fact, the court is not obliged to accept such allegations or deductions as true." *Official Unsecured Creditors Comm. v. Bank of Am, N.A. (In re Daisytek, Inc.)*, No. 03–34762 HDH–11, 2003 Bankr.LEXIS 1793, at *11 (Bankr.N.D.Tex. Dec. 29, 2003).

GBL's sole claim is that Blackburn breached the Contract, thus entitling GBL to specific performance or in the alternative, monetary damages. In light of the Court's holding that the Motion to Sell was properly granted, the question of specific performance is moot. The Bankruptcy Court ordered GBL to file a proof of claim if it wished to assert its money damages claim against the Estate and the Court sees no reason to disturb that Order.

### IV. Conclusion

The Bankruptcy Court's ruling on the Motion to Sell is **AFFIRMED** and the appeal of the Motion to Dismiss is **DISMISSED** as moot. Thus, the Trustee has the right to sell the Cole Property at auc-

---

1. Judge Hale dismissed the Complaint on two grounds: first, that specific performance is not available to GBL; and second, that the Trustee is a bona fide purchaser, who takes the property free of GBL's claim. The bona fide purchaser issue was raised for the first time in the Trustee's Trial Brief, and was not a part of the Trustee's Motion to Dismiss. GBL repeatedly objected that this issue was not properly raised. The Court agrees, and thus declines to consider that contention.

tion, free and clear of any interest that GBL may have in the Cole Property.

**SO ORDERED.**